## FEE v. TRAVELERS INS. CO.

### No. 2068.

Court of Appeal of Louisiana. First Circuit.

Jan. 30, 1940.

Woosley & Cavanaugh, of Leesville, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellee.

LE BLANC, Judge.

Johnnie Fee, the plaintiff in this case, was employed as a laborer by William F. Rogers, a road contractor who was engaged during the month of December, 1937, and prior thereto in constructing an underpass under the railroad tracks of the Kansas City Railway Company in the Town of Leesville in Vernon Parish.

In the petition he presented to the court he alleges that on December 3, 1937, while he was working in a ditch approximately 17 feet deep, he was in a stooping position handling a piece of lumber when a large boulder or clod of dirt, weighing about 100 lbs. fell from the bank of the ditch above and struck him in the small of the back, knocking him to the ground and causing severe injuries to his spine and the muscles of his back. As a result, he claims to be totally and permanently disabled and therefore entitled to be paid compensation for a period not exceeding 400 weeks. He alleges that he was earning $2.40 per day, worked five days a week, and consequently made $12 each week, 65% of which is $7.80, the amount of weekly compensation he should recover. His suit is directed solely against the Travelers Insurance Company which, he alleges, carried his employer's compensation insurance.

In his petition plaintiff also avers that the Travelers Insurance Company took cognizance of the accident in which he sustained a disabling injury, provided him with medical aid and treatment and paid him compensation at the rate of $5.85 per week until August 13, 1938, on which date it offered him its check in the sum of $11.71 in final settlement of all claims for compensation he may have had, which payment he refused to accept. He accordingly prays for judgment for the full

amount of $3,120 based on the weekly rate of $7.80 per week for 400 weeks, less the payments made amounting in all to the sum of $175.

For answer, the defendant denied those allegations in plaintiff's petition setting out the accident and injury but it admitted that it paid him compensation at the rate of $5.85 per week for 30 weeks, or a total amount of $175.

It avers further that under the contract between his employer and the Louisiana Highway Commission for which he was constructing the pass, all employees, including plaintiff, were restricted to a working month of 130 hours at 30¢ per hour and that accordingly, by his contract of employment plaintiff's wages were $9.00 per week and if he were entitled to any compensation whatever, which is denied, he could only recover at the rate of $5.85 per week.

On the issues as thus made, the case was tried in the lower court and judgment rendered in favor of the defendant rejecting plaintiff's demand, whereupon he took this appeal.

The proof is convincing that plaintiff did sustain some injury by accident on the date alleged by him. The seriousness of the accident and the extent of the injury are seriously disputed, however.

The testimony is to the effect that plaintiff continued to work, having been given lighter duty, for about ten days following the accident at which time he consulted Dr. Brown Word who found no objective symptoms of injury but gave him treatments to which the pain plaintiff says he felt, should respond. Plaintiff voluntarily left Dr. Word and then consulted Dr. E. M. Shaw and Dr. W. E. Reid, the latter maintaining a hospital in Leesville. That was in February, 1938, and they treated him until July, 1938, when he was discharged as being able to return to work. Neither of these doctors found any objective signs of injury and from their testimony, we would say, that they were inclined to think that there was nothing serious about it and that it should yield to a few electric treatments. In the absence of objective symptoms Dr. Reid finds it very unusual that he had not completely recovered and states that except for his complaint, which is purely subjective, he would assume that he has recovered.

After he had been discharged as cured and his compensation payments had ceased, plaintiff was examined by Dr. G. M. McKinney, Radiologist, who took X-ray pictures of his back, and also by Dr. Ben Goldsmith, a general practitioner. From a study of the X-ray plates and other examinations, Dr. Goldsmith was no more able than were the other doctors to discern any objective signs of injury and, in view of his physical findings, saw no reason why plaintiff should have any disability from the accident at the present time. Dr. McKinney found no evidence of injury in the X-ray pictures which he took but did find abnormalities, the patient he says, having six lumbar vertebrae instead of five and also a spina bifiva in the first segment of the sacrum. These abnormalities, he is positive, are congenital and not the result of trauma. Such a condition, he states, may or may not cause pain, but it has no connection with the accident and the injury complained of. Dr. Goldsmith concurs in this finding of Dr. McKinney and agrees with his conclusions regarding the same.

Plaintiff also consulted Dr. S. T. Roberts who X-rayed his back and otherwise examined him and treated him. Dr. M. W. Talbot also examined him about two weeks before the case was tried in the lower court. The gist of their testimony is very much the same as that of the other doctors; that is, they find no objective signs of injury and state that it is only because plaintiff says he suffers, and accepting his word for it, that they can say that he has pain.

Our Compensation Statute, Act No. 20 of 1914, in defining what kind of injuries payments are provided for, states, under Subdivision 4 of Section 18, as amended by Act No. 85 of 1926, that they shall be "only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself." Applying that test to the present case, plaintiff's demand is bound to fall as all the medical testimony including that of his own doctors, shows positively that there are and have been, since he was first examined, no objective symptoms whatever of the injuries he complains of. The seven doctors who testified in the case are of the opinion that in the absence of any such symptoms, and in view of the treatment he received, it would be very

unusual and highly improbable for the plaintiff to be suffering the disability he claims at this time as a result of such injury·as he states he sustained on December 3, 1937. Plaintiff should not expect the Court to accept his word alone that he suffers a disabling pain against the testimony of all the medical experts including his own witnesses. In order for him to recover it was necessary that he establish with legal certainty at least, some causal connection between the accident and his present alleged disability and this, in our opinion as in that of the learned district judge who favored this court with written reasons for judgment, he has failed to do.

The judgment which rejected his demand is correct and it is therefore affirmed.