HARDY, Judge.
This is a compensation suit in which plaintiff claims permanent, total disability. After trial there was judgment for plaintiff as prayed for, from which judgment defendant has appealed.
On November 11, 1949, plaintiff, who was employed by' defendant as a tie checker, working in defendant’s Bossier City yard, was struck by a falling cross-tie, sustaining *879 a fracture of the parietal bone on the right side of his head and injuries to his right shoulder, and plaintiff was taken to a Shreveport sanitarium and there treated by his family physician, Dr. E. T. Hilton. After approximately a week’s hospitalization plaintiff was taken to his home where his treatment was continued by the said physician. Compensation was paid at the rate of $27.95 per week until December 8, 1950, approximately thirteen months following the accident, at which time payment was discontinued.
The only points presented for consideration on this appeal are with respect to plaintiff’s disability to perform work of the same or similar nature as that in which he was engaged at the time of the accident, and, further, if he was suffering any disability at time of trial, whether such disability was attributable to the injuries sustained as the result of the accident described. These are purely and simply questions of fact and- it follows that the findings of the able Judge of the District Court must be accorded great weight. The learned Judge concluded that plaintiff was disabled and that his disability resulted from the accidental injury, basing ■his conclusion primarily upon the testimony of lay witnesses.
This case presents an unusual feature in that ho witnesses were tendered by defendant. The only medical testimony in the record was given by Dr. Hilton, the attending physician, and Dr. M. D. Har-grove, a cardiologist. The testimony of these medical experts was noted by the District Judge as being most damaging to plaintiff’s contentions.
We have reviewed the record with extreme care. Plaintiff alleged that he was suffering from arthritis, low blood pressure, extreme nervousness and heart trouble as the result of the injuries sustained from the accident. Careful consideration of the record rules out all of these alleged affections, with the exception of arthritis, and the medical testimony, in our opinion, conclusively eliminates any causal connection between plaintiff’s accidental injury and the existence of the hypertrophic arthritis from which he suffers.
We think our respected brother of the District Court fell into, error by disregarding the testimony of the medical experts and choosing to rely upon that of lay witnesses which the Judge himself noted might have been exaggerated.
Dr. Hilton, who was plaintiff’s principal medical witness, had been plaintiff’s family physician for some years and at plaintiff’s request was called to the sanitarium to administer treatment immediately following the accident. It is apparent that plaintiff’s attorney was considerably discomforted by the doctor’s testimony, but there was no element of surprise involved inasmuch as counsel had not discussed the case with the witness prior to the trial. The only written reports made by Dr. Hilton were made to the defendant’s insurer.
Study of the testimony of Drs. Hilton and Hargrove convinces us that in their opinion the plaintiff is not disabled but even if, concededly, he is unable to work, such disability did not result from the accidental injuries which are the basis of his claim.
Under these circumstances, since there is no conflict of opinion on the question, which is purely medical in its nature, we do not think it necessary to undertake a consideration of lay testimony. It is well recognized and well established that in cases involving a conflict of medical testimony on a medical question, courts will turn to a consideration of lay testimony in the hope of reaching a solution. But where there is no such conflict the persuasive effect of lay testimony is beside the point.
For the reasons assigned the judgment from which appealed is reversed and set aside and there is now judgment rejecting plaintiff’s demands at his cost.
McINNIS, Judge ad hoc, recused.
KENNON, J., not participating.