McINNIS, Judge Ad Hoc.
This is a compensation suit filed by plaintiff against McCain & Hernandez, alleged to he a commercial partnership composed of C. L. McCain and Edward Hernandez, and its compensation insurer, Standard Accident Insurance Company of Detroit, claiming compensation for the period of his disability, not to exceed four hundred weeks, at the rate of $30 per week. On April 13, 1951, plaintiff was working as a carpenter for the partnership at an alleged wage of $80 per week, and while so working, a small limb fell from the roof of a two-story building which was being repaired and struck the plaintiff on the side of the head and a small twig about two inches long stuck into plaintiff’s ear, causing a painful wound.
Two doctors testified in the case. Dr. W. H. Pierson, a general practitioner in Natchitoches, and Dr. J. Paul Swearingen, a specialist in the treatment of the eye, ear and nose, with offices in Shreveport, Both of the doctors say that the ear was' completely healed in two or three weeks from the date of the injury. However, the plaintiff continued to complain of headaches and dizziness and was so complaining at the date of the trial. After the trial was had in the District Court, an award of compensation for ten weeks was made, and from this judgment the plaintiff has appealed, and the defendants have answered the appeal,, contending that the judgment should be reversed for the reason that plaintiff is not entitled to any compensation,
The next week after the accident happened, plaintiff went back to work for the defendant and worked several days, when he was laid off. He contends that he did very little work and that he was suffering pain with his head and ear while, as, he says, he was trying to work. There-is no doubt that he suffered a good deal of pain for several days as the kind of injury he received is said by the doctors to-be painful. However, unless the lay testimony of plaintiff and his witnesses is accepted, he was not, at the time of the trial, and for some time before that, suffering any disability as the result of the accident, and inasmuch as there is no conflict in the medical testimony, we are not justified in accepting lay testimony m a case of this-kmd.
It is our opinion that the award' made by the lower court is ample for the-injury sustained, and accordingly the judgment appealed from is affirmed, at the cost of the plaintiff-appellant,
KENNON, J., not participating.