62 So.2d 682 (1953)
CARTER
v.
CONSOLIDATED UNDERWRITERS.
No. 7870.
Court of Appeal of Louisiana, Second Circuit.
January 7, 1953.
Rehearing Denied January 30, 1953.
John Makar, Natchitoches, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh, Monroe, for defendant-appellant.
HARDY, Judge.
This is a compensation suit in which the claimant seeks an award of $30 per week for a period not exceeding 400 weeks, together with medical expenses and costs. After trial there was judgment in favor of plaintiff awarding compensation at the rate of $30 per week for a period of fifty-two weeks, together with medical expenses, from which judgment defendant has appealed. Plaintiff has answered the appeal, praying for an amendment of the judgment *683 increasing the award to a period not exceeding 400 weeks.
Plaintiff, an independent contractor, was accidentally injured on the 25th day of July, 1951 while engaged in unloading logs from his truck at the sawmill of one Edwards, the defendant's assured. A log rolling off the truck struck the kant hook which was being used by the plaintiff, forcing the handle violently into plaintiff's lower abdomen and down across his right testicle and inflicting a painful injury. Plaintiff specifically alleged that as a result of the accident he suffered a chronic back strain, severe pain in the scrotum and right testicle, which necessitated the wearing of a suspensory, and claimed that by reason of the pain and disability attendant upon the injuries noted, he was totally and permanently disabled. In his petition plaintiff acknowledged that one of his legs was slightly shorter than the other as the result of an injury incurred some twenty years prior to the accident which is the basis of this suit, but that, while the condition had been overcome to such extent that he was able to do sawmill and logging work, the same had been aggravated by the injury of July 25, 1951.
In his written reasons for judgment the judge of the district court found that plaintiff's former injury, which he had suffered in or about the year 1927, had left him permanently crippled in the left leg, and that "he walks and did walk at the time of the injury with a limp and his pelvis is tilting when he stands, and it was found upon examination that this was his present physical condition at the time the doctors examined him." After noting that the lay witnesses, principally neighbors and friends of plaintiff, testified as to his disability to perform manual labor after the accident of July 25th, the district judge analyzed the testimony of the medical witnesses and concluded that plaintiff's injury was not permanent, and, accordingly, fixed the period of compensation at fifty-two weeks.
Before this court defendant contends, first, that if plaintiff is an independent contractor Act 179 of 1948, LSA-R.S. 23:1021, 23:1038 to 23:1041, 23:1044, is violative of Article 3, Section 16 of the Constitution of of the State of Louisiana; and second, that if the court holds the Act specified to be constitutional then the lower court erred both with respect to the basis upon which it fixed the amount of compensation and the time for which compensation was allowed.
Proceeding to a consideration of the constitutional question which is urged on behalf of defendant, we observe that the attack is predicated upon the argument that Act 179 of 1948 in reality embraces two objects, namely, the right to recover compensation in favor of employees, and the right to recover compensation in favor of independent contractors. Specifically defendant urges that Act 179 of 1948 which provides for the recovery of compensation by independent contractors is in conflict with Section 16 of Article 3 of the Constitution by reason of the fact that the Act is broader than its title and contains more than one object.
We find that this question has been squarely and clearly determined adversely to defendant's contention in the case of Clementine v. Ritchie, 1 La.App. 296, where the identical issue was raised with respect to the provisions of Section 6 of Act 20 of 1914, as amended, LSA-R.S. 23:1061 to 23:1063. The section in question deals with the liability of principals for the compensation claims of their contractors' employees and their right to indemnity therefor.
We perceive no possible basis for distinction, from the standpoint of constitutionality, as between the two propositions. We further observe that the simple addition, by definition of an independent contractor as an employee, is clearly consonant with the single object of the original Act creating the right of compensation in favor of employees.
Defendant's other complaints, in our opinion, are much more tenable. In arriving at the basis of compensation the district judge failed to confine himself to a consideration of the actual wages of the claimant. The facts show that plaintiff, operating his own truck, was paid fifty-five cents per stick for cutting, hauling and delivering *684 logs to the Edwards mill. In the course of this operation he employed other help, paid the expenses of operating his truck and feeding and caring for the horses which he used in the woods, and other incidental costs of operation. The district judge calculated that plaintiff's wages accordingly could be computed by subtracting the cost of his operation from the total monies received over the period of a week. We call attention to the fact that this method of calculation leads to a result in the terms of profits from operations, and, in our opinion, has no relationship to wages which should and must serve as the basis for an award of compensation.
At the time of the injury plaintiff was engaged in manual labor, that is, in unloading logs from his truck, and in this respect we point out that he was doing the same character and nature of work as would have been the case had the truck been owned by another party. Plaintiff was doing the same kind of manual labor which on occasion was done by his employees who were paid by him, according to his testimony, $6 per day for such labor. We think it follows that the basis of plaintiff's compensation must be the same as would have been the case with one of his employees doing similar work. On this basis compensation should be fixed on earnings of wages of $6 per day for five days per week. Any compensation to which plaintiff was entitled should be fixed at the rate of $19.50 per week.
We next come to the question of the duration of plaintiff's disability. Analysis of the medical testimony indicates that there is no substantial degree of conflict in the testimony of the medical experts. It is well established that where there is no irreconcilable conflict in medical testimony the testimony of lay witnesses will not be considered. Sellers v. T. J. Moss Tie Co., La.App., 56 So.2d 878 (writs refused April 28, 1952); Maricelli v. Standard Accident Insurance Co., La.App., 57 So.2d 926.
The testimony of Drs. T. E. Banks, J. H. Brown and W. H. Pierson, witnesses for plaintiff, and Dr. H. H. Hardy, Jr., a witness for defendant, is in agreement as to the conclusion that plaintiff was not permanently and totally disabled by reason of the accident of July 25, 1951. The only point of disagreement between the members of the medical profession was with respect to the period of disability which plaintiff had actually suffered. Careful examination convinces us that the latest date of complete recovery fixed by any of the medical experts was set at February 12, 1952. We confess we are unable to ascertain upon what ground the district judge allowed compensation for a period of fifty-two weeks.
The only remaining question bears upon plaintiff's claim for medical expenses. The only expenses shown to the satisfaction of the district judge consisted of drug bills totaling $3.13. Counsel for plaintiff insists that other expenses or obligations were satisfactorily established by the record. Under the condition of the record on this particular point we think any pronouncement might do injustice to one of the parties. Counsel for defendant urges that plaintiff's claims for medical expenses are premature and asserts that any proper and justifiable bills for medical expenses will be paid by defendant upon presentation. We have no question as to the good faith of this contention and, accordingly, we think the ends of justice would best be served by nonsuiting plaintiff's claims for medical expenses, with reservation of his right to bring future action if such may be necessary.
For the reasons assigned the judgment appealed from is amended by reducing the amount of compensation to the sum of $19.50 per week for the period from July 25, 1951 to February 12, 1952, together with legal interest on all past due payments, from the date due until paid; by dismissing plaintiff's claims for medical expenses as of nonsuit, with specific reservation of his right to reassert any such claims in the future, and as thus amended the judgment is affirmed at appellant's cost.