GLADNEY, Judge.
Alex Waldrup, plaintiff herein, has brought this compensation suit under Revised Statute 23:1221(2), alleging that while employed by Crawford Young Lumber Company on August 9, 1951, engaged in cutting down a tree for his employer, he sustained a back injury.
Answering plaintiff’s petition the insurer of his employer denied that Waldrup sustained an injury through accident while in the employ of the. Crawford: Young Lumber Company, and alternatively, denied disability beyond a period of fourteen (14) weeks, for which compensation was paid at the rate of $19.50 per week.
The case was tried upon these issues and resulted in judgment rejecting plaintiff’s demand, from which judgment he has appealed.
Waldrup testified that he wrenched his back when he and Mose Williams were sawing down a tree. Williams called to the stand for corroboration testified that he could not tell how the accident did happen, but after the tree was down plaintiff told him his back hurt and did not assist him in sawing up the tree. However, plaintiff testified that he continued sawing and working throughout the remainder of the day and later reported his- injury to his foreman, *469 James C. Emerson. The latter stated the employee failed to report any injury to him, but while in the company store complained that his back hurt and purchased some kidney tablets. Emerson further testified that if Waldrup had complained of an accident at that time he would have filled out a report but that this was not done. Subsequently, about five days later, the employee complained to Mr. Young, and was sent to Dr. R. E. Corkern.
Upon trial of the case the following doctors gave evidence as to plaintiff’s condition: Drs. J. N. Brown of Campti, R. E. Corkern and W. H. Pierson of Natchitoch-es, Carson Reed of Shreveport, and T. E. Banks of Alexandria. Without detailing the medical evidence we observe that all of the doctors who gave testimony in the case reported a total absence of objective symptoms.
Dr. Brown testified that plaintiff came to him on August 16, 1951, and complained of his back without mentioning any accident or injury. He made a diagnosis of rheumatism for which he prescribed some pills. He had no occasion to see plaintiff again.
On August 22, 1051, Dr. Corkern gave plaintiff a complete physical and clinical examination as a result of the latter’s complaint that he suffered a sprained back while using a saw. The doctor gave his opinion that if plaintiff actually had a pain in the back it was from a slight sprain and that recovery would take place within six weeks. '
Dr. Carson Reed on September 13, 1951, gave plaintiff an orthopedic examination, complete with X-rays and clinical tests. His examination did not reveal disability but did disclose evidence of osteo-arthritis of the lower thoracic and upper lumbar spine, which finding he attributed to an old injury. He concluded, as did Dr. Corkern, that if plaintiff was suffering from a back sprain, a complete recovery would take place within ten weeks.
Findings similar to those of Dr. Reed were resolved by Dr. T. E. Banks as a result of an orthopedic examination administered on January 4, 1952. Assuming plaintiff had suffered a mild sprain he was of the opinion complete recovery would not have required more than ten weeks.
The testimony of Drs. Corkern and Banks reflects that plaintiff was not cooperative during the examination and, in their opinion, was exaggerating his condition.
Plaintiff’s only medical witness was Dr. W. H. Pierson, who saw plaintiff on three occasions, the first of which was about eight months after the alleged accident. His findings were negative as to objective symptoms. He made no blood tests and took no X-rays. The record does not make it clear that he administered more than a superficial examination. He was not-questioned as to the extent and nature of plaintiff’s alleged disability, or whether or not, in his opinion, any disability actually existed.
To establish injury and continuing disability plaintiff called several lay witnesses whose testimony disclosed only subjective conditions observed by them in plaintiff’s conduct. However, inasmuch as there is no conflict in the medical testimony, we are not justified in accepting lay testimony in a case of this kind. See: Maricelli v. Standard Accident Insurance Company, La.App., 1952, 57 So.2d 926; Sellers v. T. J. Moss Tie Company, La.App., 1952, 56 So.2d 878; Fee v. Travelers Insurance Co., La.App., 1940, 193 So. 381.
We are of the opinion that plaintiff has failed to present adequate proof of a com-pensable disability under the act which prescribes that our findings of fact be based upon competent evidence, and a compensation award made only for such injuries as are proven by competent evidence.
Plaintiff received compensation during a period of fourteen weeks after August 9, 1951. The preponderance of the medical evidence was to the effect that plaintiff’s alleged injury, if it had existed, was of a minor nature and from which there would have been complete recovery within ten weeks, or within the time for which he received compensation.
The judgment appealed from correctly resolved the issues by rejecting the demands of plaintiff and it is hereby affirmed.