HARDY, Judge.
This is a suit in which plaintiff claims compensation for alleged total and permanent disability against E. V. Murphy, the employer, and Combined Insurance Company of America, as insurer. After trial there was judgment in favor of plaintiff awarding compensation at the rate of $22.75 per week for a period of fifteen weeks, less credit for payments made, together with medical and hospital fees and expenses. From this judgment plaintiff has appealed. The defendant employer has answered the appeal, praying for the amendment of the judgment to the extent of eliminating the allowance of medical and hospital fees and expenses. The insurer has answered the appeal, praying for the amendment of the judgment by restricting its liability to the maximum amount of $20 per week for the period of fifteen weeks fixed by the court and by the elimination of the judgment for medical and hospital fees arid expenses.
On October 6, 1953, plaintiff, who was employed as a log truck driver, while engaged in the course and scope of his employment in unloading logs from a truck, sustained a fall which resulted in injury to his back. Plaintiff fell a distance of several feet from the top of a load of logs, striking his back on a wooden beam or runner of the frame of the truck, bruising and injuring his back in the region of the lumbar vertebrae.
It is strenuously argued by counsel for plaintiff that plaintiff sustained a traumatic injury which caused or aggravated a spondylolisthesis. On this point there is no room for doubt, for the medical testimony overwhelmingly and conclusively preponderates against such a claim. Careful examination of the record discloses that the only possible ground for the contention urged is to be found in the testimony of plaintiff’s witness, Dr. Overdyke, to the effect that the injury described by plaintiff “could produce” the complaints which he asserted. The testimony of two other skilled orthopedists, Drs. T. E. Banks and Daniel M. Kingsley, taken by deposition, expresses their very positive conclusion that plaintiff’s condition was neither caused nor aggravated by the alleged trauma. The position of these witnesses was corroborated by Dr. Roland E. Schmidt, who treated plaintiff for the injury following the accident until the 17th of December, at which time he discharged plaintiff as sufficiently recovered to return to work. In support of his claim plaintiff tendered the testimony of several lay witnesses with reference to his condition, but it is well established that where there is no substantial conflict in the medical testimony the court will not resort to lay testimony *64 tendered for the purpose of establishing disability. Carter v. Consolidated Underwriters, La.App., 62 So.2d 682; Maricelli v. Standard Accident Ins. Co., La.App., 57 So.2d 926; Sellers v. T. J. Moss Tie Co., La.App., 56 So.2d 878; Fee v. Travelers Insurance Co., La.App., 193 So. 381.
It is noted in brief of counsel for plaintiff that objection is made to the admission in evidence of the depositions of Drs. Banks and Kingsley. We do not think counsel’s objection has merit in view of the fact that the depositions were taken by agreement and counsel had every opportunity during the course of the taking thereof to interpose objections. We do not find that the testimony would be subject to objection in any sense, and there is not the slightest showing of any prejudice to plaintiff in connection with the procedure followed.
The judgment as rendered in favor of plaintiff appears to be most liberal inasmuch as the district judge allowed compensation for a period well in excess of that fixed by the expert witnesses.
The relief sought in the answers to the appeal filed by the defendants is appropriate and should be allowed. The record does not contain any evidence of any nature establishing payment of any hospital or medical expenses, nor any liability therefor on the part of plaintiff.
Combined Insurance Company, made defendant herein, was not a compensation insurer but carried an accident policy which limited its liability to a maximum of $20 per week during the period of disability, and it follows that the judgment as against this defendant should be limited to such amount.
For the reasons assigned the judgment appealed from is amended to read as follows :
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, James Lee Ramsey, and against E. B. Murphy and Combined Insurance Company of America, in solido, in the amount of $20 per week beginning October 6, 1953, and continuing for a period of fifteen weeks.
There is further judgment in favor of plaintiff and against the defendant, E. B. Murphy, in the sum of $2.75 per week beginning October 6, 1953, and continuing for a period of fifteen weeks.
The above amounts are subject to legal interest from the due date of each payment until paid, and it is further provided that credits for payments heretofore made in the sum of $183.33 by defendant, Combined Insurance Company of America, and $20 by defendant, E. B. Murphy, be, and they are hereby allowed.
As amended the judgment is affirmed at defendants’ cost.