80 So.2d 902 (1955)
William Thomas POWELL, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 8331.
Court of Appeal of Louisiana, Second Circuit.
May 18, 1955.
W. T. McCain, Colfax, for appellant.
Stafford & Pitts, Alexandria, for appellee.
HARDY, Judge.
This is a compensation claim in which plaintiff seeks recovery of the sum of $1,000 for the impairment of physical functions and for disfigurement resulting from an accidental injury in the course of employment, together with the statutory penalties. Made defendant was compensation insurer of plaintiff's employee. After trial there *903 was judgment rejecting plaintiff's demands, from which he brings this appeal.
The only issue presented concerns the extent and effect of plaintiff's injuries, all other pertinent facts being undisputed.
Plaintiff, a negro laborer employed by a sub-contractor of defendant's insured engaged in cutting and removing pulpwood, while dynamiting some timber on August 5, 1953 received facial injuries as the result of a premature explosion of a dynamite charge. The burden of plaintiff's claim is that the accident caused a serious drooping of the eyelids which has so impaired the use of his eyes as to prevent their full function. On trial of the case, by agreement, counsel for defendant introduced the written reports of two medical experts who had examined plaintiff, one of whom had been selected by plaintiff's attorney. These doctors stated that plaintiff suffered no impairment of vision and one of them, who was plaintiff's physician, testified that the drooping of the eyelids was a congenital anomaly. Plaintiff was examined immediately following the accident by another doctor who, however, was not called as a witness, and it must, therefore, be presumed that his testimony would be adverse to plaintiff's contentions. Rider v. R. P. Farnsworth, La.App., 61 So.2d 204.
The only testimony in plaintiff's favor was tendered by himself and five lay witnesses who were co-employees, and the gist of this testimony was that plaintiff's eyelids appeared to droop to a considerable extent. As referring to the accident itself the effect of this testimony was somewhat weakened by the rather vague admissions on the part of some of these witnesses that plaintiff's eyelids drooped a little more after the accident than they had before.
There was no conflict in the medical evidence, and, under the circumstances, the frequently stated rule that lay testimony will not be considered in the absence of conflict on the part of the expert witnesses must be applied in the instant case. Waldrup v. Consolidated Underwriters, La.App., 64 So.2d 468; Carter v. Consolidated Underwriters, La.App., 62 So. 682; Maricelli v. Standard Accident Ins. Co., La.App., 57 So.2d 926.
In view of the judgment of the trial court it must be reasoned that the district judge was convinced that plaintiff had failed to establish either an impairment of vision or a disfigurement. We find no manifest error in this factual conclusion.
For the reasons assigned the judgment appealed from is affirmed.