SAMUEL, J.
(dissenting).
It is well settled that in compensation cases involving a medical question the court will consider the testimony of lay witnesses only where the medical testimony is evenly balanced or in substantial conflict. Davis v. Clyburn, La.App., 109 So.2d 126; McElroy v. Kennedy, La.App., 84 So.2d 256; Ramsey v. Murphy, La.App., 77 So.2d 62.
Applying this principle to the instant case convinces me that the judgment of the trial court is correct. I am in agreement with the majority in finding that the basis of plaintiff’s suit, traumatic neurosis, has not been proven, especially in view of the holding by this court in Etienne v. Algernon Blair, Inc., La.App., 100 So.2d 533, to the effect that medical testimony not based on medical tests and procedure, and based solely on the naked belief of what plaintiff told the witness, should be disregarded. For this is exactly the basis of the testimony by the two psychiatrists called by the plaintiff.
The only other medical testimony offered by plaintiff was that of Dr. Salatich and I am totally unimpressed by his testimony. On the other hand defendant produced four doctors (Rabin, Houston, Soboloff and Wall) whom I believe. The medical testimony thus is overwhelmingly against the plaintiff and the lay testimony should not be considered.
It is clear that the trial judge also believed the medical testimony offered by defendant and, as this case presents only a question of fact involving the credibility of witnesses, his decision should be affirmed.
I respectfully dissent.