HALL, Judge.
This is a workmen’s compensation suit in which plaintiff, Cecil E. Smith, seeks benefits for total and permanent disability resulting from an injury sustained by him on the job. The district court rendered judgment in favor of plaintiff in the amount of $498.75, together with interest and court costs accrued prior to the date of a tender of such amount made by defendant. The amount of the judgment was calculated under the provisions of LSA-R.S. 23:1221(4) (h) and LSA-R.S. 23:1223 and represents ten per cent of sixty-five per cent of plaintiff’s wages of $210.00 per week for one hundred seventy-five weeks, or a total of $2,388.75, less compensation previously paid in the amount of $1,890.00, leaving a balance of $498.75.
Plaintiff has appealed, specifying as error the holding of the trial court that in the absence of conflicting medical testimony it would not consider lay testimony offered by plaintiff. Plaintiff urges that the lay testimony is consistent with the medical evidence and corroborates plaintiff’s complaints of continued disability to do a substantial part of the duties involved in his employment.
We hold that the result reached by the trial court is correct and we affirm the judgment appealed from. The real issue here is the extent and duration of plaintiff’s disability and even if the lay testimony is taken into consideration, we find that plaintiff has failed to prove that he is totally and permanently disabled. The amount of the award, together with compensation previously paid, fully compensates plaintiff for the period of his disability and for the partial permanent disability of his leg in accordance with the workmen’s compensation law.
On October 1, 1969, plaintiff was working for Papco Construction Company in Springhill, Louisiana, as a journeyman iron worker when a steel plate weighing 1,000 pounds or more fell on his left ankle and foot. Plaintiff was taken to Springhill Hospital where Dr. Morris performed skin grafts. Plaintiff subsequently went back to work but left the job because his ankle kept swelling and causing pain. Plaintiff then went to Dr. Harry Jones, an orthopedic surgeon, who did surgery on December 29, 1969, and removed bone fragments and repaired ligaments in plaintiff’s ankle. Plaintiff returned to work at his former job in June, 1970, and worked until September 5, 1970, when he was laid off. Plaintiff did not work again between that date and the time of trial in April, 1971. He claims that he cannot perform a substantial part of the duties of his employment as an iron worker because his foot swells and causes pain and when walking his foot turns on him.
Plaintiff was paid workmen’s compensation benefits for forty-two weeks ending *839 August 4, 1970, at which time benefits were terminated because plaintiff had returned to work.
The medical evidence consisted of the testimony of two orthopedic specialists, Dr. Austin W. Gleason, who testified for plaintiff, and Dr. William W. Fox, who testified for defendant.
Dr. Gleason testified that he examined plaintiff for evaluation purposes on October 28, 1970. He found some scarring over the ankle and foot and x-rays revealed calcification of the deltoid ligament or a small chip fracture which was not united. The only disability noted was limited motion in that plaintiff lacked approximately fifteen degrees of dorsiflexion and a small amount of plantar flexion (the ability to move the foot up and down). The doctor testified that there was no instability of the ankle, that plaintiff had an approximately eight to ten per cent disability of the leg, but this would not hinder him in his employment and he would be equally as good as other people at his employment as an iron worker. The doctor did testify that it would be possible that the injured ankle would swell and that after an injury of this type with prolonged use or weather change there is a tendency for joint swelling. If enough swelling occurred it could cause pain. He testified that except for the swelling that is going to occur every now and then he saw no reason why plaintiff would not be equally as good at his work as a man who had not had such an injury.
Dr. Fox testified that he examined plaintiff at the request of defendant on December 29, 1970. His findings were essentially the same as those of Dr. Gleason. Dr. Fox concluded that plaintiff has about ten per cent partial, permanent disability of the ankle due to the limitation of motion but that plaintiff was able to return to his previous occupation as an iron worker including climbing and other facets of that work. The doctor felt like plaintiff could do “just about anything, as far as his ankle is concerned.” The doctor testified that after an injury of this type swelling after prolonged periods of standing would be compatible with the injury.
Plaintiff offered the testimony of three men who had worked with him prior to the accident and during the period from June to September, 1970, when he went back to work. These witnesses substantially corroborated plaintiff’s own testimony to the effect that his foot and ankle would swell considerably while on the job and that he was unable to do many of the heavy and hazardous duties of an iron worker. It is to be noted, however, that none of the witnesses observed plaintiff after August of 1970, and their testimony supports plaintiff’s complaints only through that period of time.
Defendant argues and the trial judge held that the testimony of the lay witnesses should not be considered because there was no conflict in the medical evidence. See Guillory v. Southern Farm Bureau Casualty Ins. Co., 237 La. 374, 111 So.2d 314 (1959) and Schexnaydre v. Wallace Industrial Contractors, 227 So.2d 756 (La.App. 4th Cir. 1969).
While both medical experts testified plaintiff was able to return to his duties as an iron worker, both conceded that swelling of the ankle, and pain associated with the swelling, was compatible with the type injury sustained by plaintiff. To this extent, the lay testimony is consistent with the medical evidence. Furthermore, the doctors’ conclusions as to plaintiff’s ability to perform the duties of his trade were expressed as of the dates of their examinations, some two and four months after the period covered by the testimony of the lay witnesses.
We have considered the lay testimony presented in this case. This testimony supports a finding that plaintiff was disabled from doing a substantial part of the duties required of him only through August of 1970. Beyond that time the only evidence of continued disability is plaintiff’s uncorroborated testimony that his ankle still *840 swells and is unstable. No corroborating evidence of disability was offered bearing on the period after' August, 1970, until date of trial. It is not shown that plaintiff attempted to work except for one occasion when plaintiff was denied employment by his former employer for reasons not shown in the record. It is not shown that plaintiff sought or received medical treatment during this period of time other than the evaluation examinations by the two physicians who testified at the trial. We hold that plaintiff has failed to prove by a preponderance of the evidence that his disability continued beyond August, 1970.
Plaintiff was paid weekly compensation benefits through August 4, 1970. It may well be that under the evidence he was entitled to weekly benefits through the end of the month. Such payments would, however, be deducted from the total amount due under R.S. 23:1221(4) (h) and the amount of the award made by the district court would be unchanged.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.