## YOUNG v. HILLYER, DEUTSCH, EDWARDS, Inc.

### No. 1270.

Court of Appeal of Louisiana. First Circuit.

Jan. 22, 1934.

Williams & Blackshear, of Oakdale, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

LE BLANC, Judge.

This is a suit brought to recover compensation for disability arising out of a hernia claimed to have been suffered by plaintiff while in the employ of the defendant.

The demand was rejected for reasons given in a written opinion filed by the district judge, and the plaintiff has appealed.

The record discloses that compensation had been paid for several weeks by the defendant, but in its answer it is alleged that such payments had been made through error of fact, and that it had learned thereafter that the hernia plaintiff now claims to be compensable was an old hernia and had been in existence for several years. Assuming then the position of a plaintiff in reconvention, defendant asks for judgment against the plaintiff for the full amount of the payments made, aggregating the sum of $354.90. The judgment of the lower court did not pass on the reconventional demand. Defendant made no answer to the appeal, and in brief counsel suggests that this court take such action thereon as it may deem proper under the circumstances.

Plaintiff claims to have sustained the hernia he now suffers with by jumping from the top of a truck loaded with logs, on September 14, 1931. No one actually saw him jump from the truck, but two of his fellow employees, to whom he complained immediately thereafter, state that he told them that he had ruptured himself and that they saw the hernia.

In February, 1931, before he began working for the defendant, plaintiff had undergone a physical examination, as was required of all of its employees. The examination was made by Dr. L. F. Gray, who certified him as physically fit and specifically found that he had no hernia. This report of Dr. Gray may be said to constitute one of the strong points in plaintiff's case and the one that is relied on most strongly by his counsel in presenting his claim for compensation.

There is no dispute as to the present existence of the hernia, and therefore the important question to be decided is whether it is of long standing or was sustained at the time plaintiff claims it was.

Aside from the report of Dr. Gray as to plaintiff's physical fitness and his finding of no hernia, his counsel stresses the fact, also as developed from the testimony, that for several years prior thereto he had been actively at hard work, which, it is urged, could not have been possible had he been suffering with hernia.

The testimony of Dr. Gray is to the effect that, as a rule, an examination such as he made of the plaintiff would reveal a hernia if one were present. He states, however, that mistakes can be made, and admits that he has made one on first examination in two or three cases before. Testimony of other physicians sustains him to the extent that, whilst it is not probable, it is entirely possible for such mistakes to occur. Dr. A. K. Rand was asked if he had personal knowledge of cases in which the doctor had failed to find hernia under an examination of the type Dr. Gray had made, and he answers that he has known "a good many cases," and, further, that in group discussions about the matter he learned that some physicians have "a good deal of difficulty" in finding it. Dr. E. J. Cather states that ordinarily the hernia would be detected on examination, but he adds: "There could be an exception by the hernia not coming down at that time." All of this greatly detracts, therefore, from the force of the argument of counsel for defendant arising out of the report of Dr. Gray's examination.

As outweighing the presumptive evidence on which plaintiff relied, the district judge pointed to the positive testimony of four witnesses who swear that, at various times in years past, plaintiff had told them he had a hernia, and to some of these he had not only told them about it but had showed it to them. These witnesses were F. M. Carpenter, C. C. Carpenter, W. E. Hamilton, and C. W. McHaffey. The district judge, in his written opinion, briefly summarizes the testimony of each, as follows:

"F. M. Carpenter, who has know the plaintiff all of his life, and has lived near him, about twelve years ago was told by the plaintiff that he had a hernia, and that plaintiff showed it to him while they were in swimming. On a later occasion, the plaintiff mentioned the hernia, and said he wished he had been operated on.

"Once when C. C. Carpenter and the plaintiff were camping out together, some four or five years ago, the plaintiff told Carpenter he had a hernia, and showed it to him.

"Some years ago when the plaintiff was working with Ivy Marler, cutting logs, he complained to W. E. Hamilton, whereupon Hamilton 'kidded' him about being 'burned out,' and plaintiff said he wasn't 'burned out' but that he had a hernia.

"About three years ago, the plaintiff worked for C. W. McHaffey, hauling ties, and he told McHaffey once or twice that he would 'haul to-morrow if the hernia didn't hurt him that night too bad.'"

It does not seem that these witnesses had any interest in the case unless the theory of counsel for plaintiff to the effect that they were employees of the defendant company be accepted. But even were we to give consideration to their employment to show interest on their part, it appears that it would not apply to all of them, as Hamilton and McHaffey are working for individuals who are not shown to have any connection with the defendant company. The district judge accepted their testimony as being true, and we know of no reason why we should reject it.

It is an established fact that plaintiff did a laborer's work while employed for defendant from February to September, 1931, and it seems to be well established also that a person with a hernia cannot perform hard manual labor without suffering, and still, from the testimony of W. E. Hamilton and C. W. McHaffey, we learn that years before, when he told them himself that he had a hernia, plaintiff was doing work for them of the same character as that he was engaged in for the defendant, and that he never made any serious complaint about suffering.

We believe that the decision in this case rests largely on the truthfulness of the witnesses regarding plaintiff's statements in the past about his having a hernia and his having shown it to some of them. The district judge's opinion in such cases is not to be lightly regarded, but rather to be given the strongest consideration and great weight unless found to be manifestly erroneous. We find no manifest error in this case, and there is no reason therefore to disturb the judgment which rejected plaintiff's demand.

Inasmuch as the judgment is silent regarding the reconventional demand of the defendant, we take it that the district judge was of the opinion that it should not have been allowed. Under the manner in which it is called to our attention we deem it proper to let it remain as not being insisted on and will affirm the judgment as it stands.

Judgment affirmed.