## FRUGIA v. CALCASIEU OIL CO., Inc.

No. 1282.

Court of Appeal of Louisiana. First Circuit.

Jan. 22, 1934.

C. V. Pattison, of Lake Charles, for appellant.

C. R. Liskow, of Lake Charles, for appellee.

LE BLANC, Judge.

This is a suit for compensation as for total and permanent disability arising out of a

hernia said to have been sustained by plaintiff while working in the course and scope of his employment with the defendant company.

Plaintiff worked for the Vacuum and Magnolia Oil Companies from 1927 to 1931, and thereafter for the Calcasieu Oil Company, Inc., defendant herein, when he claims to have suffered the hernia for which he is demanding compensation.

His demand was rejected in the lower court, and he has appealed.

Dr. R. G. Holcombe who was examining physician for the Vacuum and Magnolia Oil Companies from 1927 to 1931, testified that he had examined plaintiff when he first applied for work with the Vacuum Oil Company and found that he was then suffering with a potential or incomplete hernia. Plaintiff does not dispute the fact that he was a potential hernia risk before, but claims that he suffered a complete hernia while laying an overhead pipe line for the defendant company on April 20, 1932. This, it might be stated, was two days after he had gone to work for defendant. He testifies that they were working overtime putting up this overhead line on the edge of a storage tank. Only two of them could put it up. The pipe line was pulled up by means of a rope and, as they pulled this particular pipe line up, the pain in his side struck him. He says that he managed to get it up but then had to sit down for five or ten minutes. After resting that short period, he was able to get up and help complete the job before he went home.

Plaintiff refers to a fellow worker named Boucher who he says was the one pulling up on that line with him. This party, in a written statement given to one of plaintiff's attorneys, stated that he was right there and that after plaintiff got the line up, he quit work for five or ten minutes while the others kept working. In his testimony as a witness, Boucher repudiates his statement and says that he gave it to help out the plaintiff with whom he was on friendly terms. It is very difficult indeed for a court to place any confidence in such testimony, one way or the other.

It was by straining on the occasion referred to that plaintiff claims the incomplete hernia which he had became a complete hernia which incapacitates him from doing work of any reasonable character and which forms the basis of his demand.

The other workmen on the job with him do not testify that they saw plaintiff quit work, or that he sat down and rested some five or ten minutes as he says he did. None of them saw him stop at all. J. L. Bailey, defendant's foreman on the job, says that he was present superintending all the work that was going on around. At the moment plaintiff says he was hurt, he was about fifty feet away from him and he never noticed that he sat down at any time or that he stopped work at all.

Dr. Holcombe's records of his examinations of the plaintiff, dating back as far as 1927, show that he found him with an incomplete or potential hernia. When he first testified during the morning session of court, he limited his testimony to the facts as disclosed by those records. When he was called back to the stand in the afternoon, however, he says that he had recalled the fact that, when he last examined the plaintiff for the Magnolia Oil Company, he found that he then had a complete hernia. He had no record of this last examination and testified from memory. There is a discrepancy in the doctor's testimony due to the fact that he had stated previously that the Magnolia Company would disbar an employee found even with a potential hernia and notwithstanding this, plaintiff was passed for work suffering with a complete hernia. The doctor's explanation is that he made no report of his last examination because it often happened that when he gave an adverse report and the employee was disbarred, he thus incurred his animosity for the reason that the employee felt as though he was responsible for him not being able to get a job or hold one after he had it. In such cases, he said, he frequently preferred to forego the small fee he received for making the examination and let it be made by some other doctor. These were the facts as he recalled them with regard to the plaintiff's case and he persisted in his testimony to the effect that he had a complete hernia before April 20, 1932. The district judge accepted this explanation of Dr. Holcombe's who he refers to as "a very competent and highly reliable witness" and we are not prepared to say that he committed a manifest error in letting his testimony as a whole serve as part of the groundwork on which he rested his decision.

There is another circumstance to be considered in giving proper weight to the plaintiff's testimony. Upon being hurt, as he says he was, he did not report his injury to his foreman or to any one connected with the defendant company. The fact is that the day after, he continued in his work with the defendant as usual, manifesting no discomfort. He continued to work until December, a period of eight months after his alleged injury and made no complaint to any one until after he was discharged. He explains that he made no claim until then and then only after having consulted a lawyer because, as Dr. Holcombe had told him he had only a slight hernia, he did not think he would be entitled to compensation. However, he was not unfamiliar with an employee's right to compensation for injury as it is shown that a few years before he had been paid compensation by a former employer for an injury to his foot. It is our opinion

that had he suffered a complete hernia by accident, in April, 1932, with the usual protrusion and swelling, he would at least have complained about it and not waited until he was discharged eight months after before seeking redress of some kind from the defendant.

Plaintiff's testimony, standing alone, is not of such character as to justify a court in accepting it against the more convincing proof in the record that the complete hernia he now seeks to recover compensation for, was one of long standing, and we believe that his demand was properly rejected in the lower court.

Judgment affirmed.