### WAGGENER v. FORCUM–JAMES CO. et al.

### No. 2032.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1939.

Jos. A. Gladney, of Baton Rouge, for appellant.

Taylor, Porter & Brooks and C. W. Phillips, all of Baton Rouge, for appellees.

DORE, Judge.

This is a suit under the Workmen's Compensation Act, based substantially on the allegations that plaintiff, on March 24, 1937, in the course of his employment by the Forcum-James Company, engaged in painting an overpass at Greenwood, Louisiana, was accidentally struck a severe blow in the region of the right groin by a ladder which he and two fellow employees were lifting into position; that the accident caused the development of a large right inguinal hernia and an enlargement of the lower pole of the epididymus; that although the injury was painful, forcing him to lie down for some minutes after the accident, he resumed work thereafter and continued working, in spite of pain; that subsequently he was employed by defendant and others until November 29, 1937, on which date he was examined by a physician, who advised him not to do hard manual work. He claims of his former employer, and its insurer, compensation for total, permanent disability from November 29, 1937, at $20 per week, for a period not to exceed 400 weeks, and medical expenses and costs.

The defenses are: (1) That no notice of injury was given the employer within six months thereof as provided by Sec. 11 of Act 20 of 1914, as amended, Act No. 247 of 1920; (2) that plaintiff was suffering from a hernia prior to the accident and prior to his employment by defendant; and (3) that the alleged accident did not cause or aggravate the hernia.

The lower court found that the plaintiff's disability was not the result of his accident on March 24, 1937, but was due to a pre-existing hernia, and consequently dismissed plaintiff's suit. The plaintiff has appealed.

It is clearly shown by the evidence that on March 24, 1937, the plaintiff was struck a severe blow by a ladder; that the impact of the ladder hurled him several feet in the air; that he was struck between the legs in the region of the right groin and testicles, and unquestionably was in intense pain for some minutes thereafter and had to lie down until the pain subsided. It is also well established that the plaintiff at the time of filing his suit was suffering from a large right inguinal hernia which renders him

totally disabled from performing the type of work for which he is fitted by education, training and experience. It is shown also that plaintiff's disability will continue unless he receives proper medical attention.

The main question in the case on appeal is whether or not the trial judge erred in finding from the evidence that plaintiff's disability was not the result of the accident. Unless we find that the lower court erred in such finding of fact, it is of course unnecessary for us to go into the question of lack of notice raised by the defendants.

After a careful review of the record, we have reached the conclusion that the trial judge was correct in his finding that plaintiff had been suffering from a well-developed hernia for some time prior to the accident. The plaintiff admitted that he had been wearing a truss for many years and that he had a knot in his right side. He implies that he wore the truss because he had a weakened condition in that side, but we believe that the evidence shows that he had a hernia before the accident and was aware of that fact. Some of his witnesses testified that the hernia was a large one the day after the accident, observable through his clothes. At this time the hernia had gone down into the scrotum and the medical testimony is to the effect that it is unlikely that the hernia would get down into the scrotum until four or five months after its occurrence. Moreover, it appears from some of the medical testimony that a lick between the legs as plaintiff received would be unlikely to cause a hernia in the inguinal region; that a blow sufficient to cause a hernia at the time would not only have to be severe and directly over the region of the break in the abdominal wall, but the effect of the hernia would be to cause nausea and vomiting and immediate incapacity to work.

In this case, the plaintiff himself testifies that he had to quit his work for only a few minutes, after which he returned to his work and not only worked the rest of the day but continued to work for several months thereafter with little, if any, difference in the nature of his work and with no complaint to any of his foremen of the injury which he claimed to have received in the accident. It was natural for plaintiff to have been forced to discontinue work for a few minutes after a severe blow in the region of his groin and testicles, but his actions thereafter do not indicate that he suffered anything more than temporary pain as a result of the accident.

Of course, if it could be determined from the evidence that plaintiff at the time of the accident had merely a potential hernia or a congenital weakened condition of the abdominal wall and that the blow or lick from the ladder caused the hernia to develop, there would be liability under the holdings in the cases of Craft v. Gulf Lumber Co., 151 La. 281, 91 So. 736; Ludd v. Van Hoose et al., 14 La.App. 276, 129 So. 375, and Rhodes v. Hillyer-Deutsch-Edwards, Inc., La.App., 185 So. 482, which cases are largely relied on by counsel for plaintiff. But it will be noted that in all of these cases, there was no well-developed hernia before the accident, and, furthermore, in these cases the employee was incapacitated after the accident. In each of these cases it was found that the accident produced the hernia or was a material cause for the development of the hernia to the extent of causing disability to continue work, whereas in the case before us, for some months subsequent to the accident, the plaintiff continued to work with apparently the same ability and in the same manner as prior to the accident.

It is our opinion that the case at bar comes within the findings in those cases cited by counsel for defendants; namely, Young v. Hillyer-Deutsch-Edwards, Inc., La.App., 152 So. 89; Frugia v. Calcasieu Oil Co., Inc., La.App., 152 So. 131; Arnold v. White-Grandin Lumber Co., La.App., 142 So. 865, and Burgess v. American Safe Deposit Co., Inc., 19 La.App. 443, 140 So. 103, where it was held that the disability resulted from an old hernia of long standing and did not result from the alleged accident.

The judgment appealed from is therefore affirmed.