Plaintiff instituted this suit for compensation alleging he was injured in an accident while performing duties as a manual laborer under a contract of employment with defendant; and that the injuries he received have rendered him totally and permanently disabled to perform any kind of manual labor. He alleged his weekly wages were $19.74 and prayed for judgment for 65% of his weekly wages for a period not to exceed 400 weeks.
Defendant admits the accident occurred as alleged and that plaintiff was slightly injured; that the accident and injury arose *Page 25 
out of and in the course of his employment. It also admits the weekly wages as alleged by plaintiff. It denies that plaintiff was disabled for more than four days because of said injuries and therefore denies it owes plaintiff any kind of compensation.
The lower court awarded judgment for the plaintiff as prayed for and on motion by counsel for plaintiff to fix the expert fees of the doctors at the amount of $50 each, the lower court fixed the fees of the physicians used by plaintiff at $25 each. Defendant is prosecuting this appeal and plaintiff has answered the appeal praying that the fees of the experts be increased to $50 each or that the case be remanded to take evidence on the motion to fix the experts' fees.
Plaintiff was pushing a wheelbarrow loaded with lime up a ramp. When he reached a curve in the ramp his feet began slipping on some lime which had been spilled, causing him to fall off onto the concrete surface approximately three feet below. Plaintiff fell on his right side striking his head on the concrete surface with sufficient force to knock him unconscious. After he was picked up by a fellow worker he appeared to this worker to be crazed as the latter said when he picked him up; that plaintiff would not answer his questions, just opened his mouth and said nothing. He further stated, "He looked like he was kind of crazy and I was kind of afraid of him."
Plaintiff was carried to the hospital where he remained for a few days and was allowed to go home. No treatment of any consequence was given plaintiff at the hospital. He claims that his neck and head hurt him all the time. Since plaintiff left the hospital he has been X-rayed twenty times and on trial of the case three doctors, one a recognized roentgenologist, are positive that the X-ray pictures disclose fractures of the fourth, fifth, sixth and seventh curvical vertebrae and that plaintiff is totally and permanently disabled from performing any kind of manual labor.
Defendant offered three doctors all of whom looked at the same X-ray plates and are positive there are no fractures. However, they do find what they call a rarefication of the two of the vertebrae but say it was not caused from the blow on the head received by plaintiff. The X-ray pictures either disclose fractures or they do not and it is unexplainable to us when we are faced with such contradictory testimony of such an issue. Either X-rays are valueless in such a case or the medical testimony is, or both.
Common sense teaches us that a blow on the head as severe as that received by the plaintiff would ordinarily cause serious trouble and it would be almost a miracle if he recovered entirely from the effects of the blow within three or four days without any treatment other than one dose of bicarbonate of soda, which one of the physicians testified was all he had.
It would be a useless task for us to review all the testimony of the medical men. The lower court heard and saw them testify. It also heard and saw plaintiff and his fellow worker and accepted their testimony as being correct. We cannot point out where it was in error. The lower court is the judge of the credibility of the witnesses and is in a far better position to arrive at a just decision in a case of this kind where the medical testimony is conflicting than we are. Only facts are involved and unless the finding of the lower court is manifestly erroneous, we will not disturb its finding.
The lower court made an error in calculating the weekly compensation due plaintiff. His wages were $19.74 per week and 65% of that amount is $12.83. The lower court fixed the weekly compensation due at $12.93 and the judgment is amended to make the amount of compensation awarded plaintiff $12.83 instead of $12.93 and in all other respects the judgment of the lower court is affirmed with costs.
The lower court has the right to fix the fees of experts and tax same as costs. The amount fixed is largely in the discretion of the court and it is properly so for the reason the lower court is in the best position to judge and know the time required by the court and the expert witnesses and also the inconvenience the witnesses are put to in having to appear in court. Unless the lower court greatly abuses this discretion, its finding will not be disturbed. We feel sure that a remand for trial of the motion to fix fees would not change the results as the lower court gave in full its reasons for not allowing more than $25 to each expert witness and we can find no fault with its reasons. Therefore, appellee's prayer for an increase in the amount of the witnesses' fees or a remand of the case to hear evidence on same is refused. *Page 26