61 So.2d 204 (1952)
RIDER
v.
R. P. FARNSWORTH CO., Inc. et al.
No. 7857.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1952.
Smallenberger & Eatman, Shreveport, E. Clifton Yeates, Jr., Minden, for appellant.
Cook, Clark & Egan, Shreveport, for appellees.
GLADNEY, Judge.
James R. Rider suffered a back sprain while performing construction work on the Town House Apartment Building in Shreveport and has instituted this suit against his then employer, R. P. Farnsworth Company, Inc. and its insurer, the Maryland Casualty Company, for the purpose of recovering workmen's compensation of $30 per week during disability, not to exceed four hundred weeks.
After issue was joined and the case tried on its merits, judgment was rendered awarding plaintiff compensation only from August 8th to September 10, 1951. From this judgment plaintiff has appealed and *205 defendants have answered the appeal to ask that the judgment be amended to deny compensation for the period awarded.
The only serious contention between the parties concerns the extent of disability. Plaintiff says he still suffers from a severe pain in the lower mid-section of the back and that as a consequence he is unable to work. Respondents have presented strong medical evidence that plaintiff was without disability after September 10, 1951 and could fully perform the same duties attendant upon his occupation.
Rider testified that his injury was received while he and a fellow worker were carrying a heavy piece of shelf iron and were walking along a path when one of the two (He does not recall which) stumbled, causing Rider to step in a hole and to go down to the ground on one knee. He says when he attempted to come back up with the piece of iron he felt a paralyzing pain in his back. The angle iron was approximately 23 feet long and weighed from eight to twelve pounds per foot. After laying the iron down Rider reported his injury to the foreman and did no more work the remainder of the day. He returned to his home in Cotton Valley that evening but during the night he felt so much pain he went to Dr. John Pugh who gave him a sedative. The following day he reported to Dr. Harmon of Shreveport who placed him under the care of his associate, Dr. E. T. Hilton. He was treated by Dr. Hilton from April 10 to September 10, 1951, during which time he was hospitalized a total of twenty days. On July 2nd and September 10th, Rider was examined by Dr. Eugene D. Caldwell. On September 18th plaintiff went to see Dr. Robert Brooks Van Horn of Minden. Suit was filed on September 27, 1951. In addition to the doctors above named, Rider was examined by Dr. T. M. Oxford on January 4, 1952, and by Dr. Ford J. MacPherson orthopedic specialist, on a date not specified. Plaintiff was also examined and treated by Dr. Paul M. Campbell, an osteopath physician of Minden.
Drs. Hilton and Caldwell expressed the opinion that plaintiff had completely recovered and was able to return to his former position as of September 10, 1951. Dr. T. M. Oxford gave his opinion that plaintiff on the date of his examination, January 4, 1952, was entirely well and was able to perform his customary duties. These witnesses based their conclusions on the total absence of any subjective symptoms. Drs. Caldwell and Oxford, both prominent orthopedic surgeons, required the patient to perform certain tests which they declared demonstrated that pain was not present.
Plaintiff called to the stand Drs. Pugh, Van Horn and Campbell. Dr. Pugh testified he did not examine plaintiff and except for the administration of sedatives on two occasions he had no particular knowledge of plaintiff's condition. Dr. Van Horn examined plaintiff only once, shortly before this suit was filed. He testified that in his opinion Rider was totally disabled and unable to perform his work due to pain from an arthritic condition which he said was evidenced by certain X-ray films.
Dr. Paul M. Campbell testified he became acquainted with Rider while campaigning for political office and that subsequent to that date (probably in September or October) he had treated Rider at various times and was still treating him. This doctor was somewhat vague in his diagnosis but testified that the pain was localized in the lower part of the back and expressed the opinion that plaintiff was totally and permanently disabled from performing work of any reasonable character.
Dr. Caldwell said Dr. Van Horn's X-ray films were of such poor quality they could not be considered for diagnostic study. Another rebuttal witness, Dr. George J. Woolhandler, whose practice is confined strictly to the speciality of radiology in Shreveport, testified that the X-rays produced by Dr. Van Horn were of such poor technical quality that he would never venture to attempt to make any diagnosis from those films.
During cross examination plaintiff reluctantly admitted that he had voluntarily gone to Dr. Ford MacPherson, an orthopedic specialist in Shreveport, and was by him given a physical examination for the *206 purpose of determining the extent of his injuries. The record does not contain the testimony of Dr. MacPherson nor has plaintiff furnished any reason for not calling him as a witness.
Plaintiff relies on the testimony of a number of witnesses from his community who uniformly corroborated his statements that prior to his injury he regularly worked and that after the accident on April 9, 1951, until the trial on January 17, 1952, he had performed work of no substantial character and none of a gainful nature. Testifying to this effect were Rev. Sidney Bell Rascoe, Ben Vowell, H. J. Wilson and John T. Davis, all of whom were fairly well acquainted with plaintiff and had occasion to frequently observe him. None of these witnesses was asked whether or not Rider gave any indication of pain or suffering in his back or that he complained. Plaintiff's wife was not called as a witness.
It is elementary that the plaintiff in a workmen's compensation suit must establish his case to a legal certainty, and the burden rests upon him to prove the extent and duration of his disability. In Spears v. Brown Paper Mill Company, Inc., La.App., 1942, 9 So.2d 332, 337, Judge Taliaferro, as the organ of the court, said:
"Plaintiff in a compensation case, in keeping with the general rule, and as has been repeatedly held by the courts of this state, carries the burden of proof. Conjecture and probability may not serve as the basis of judgment in such a case, notwithstanding the well established and justified policy on the part of the courts in liberally construing the law in favor of the injured workman or his dependents."
In deciding if plaintiff has met the requirements of establishing his case by a preponderance of the evidence, we should properly evaluate the expert testimony presented by both sides. Medicine is a scientific profession which readily lends itself to specialization, and for knowledge and treatment of certain disabilities we have learned it is best to consult a specialist whom we concede to have, by reason of training and experience, special knowledge and skill in his chosen field. Mr. Malone in his work on Louisiana Workmen's Compensation Law, page 368, Section 286, said:
"The specialist and the physician with considerable experience may be preferred over the general practitioner or the newcomer."
In the instant case plaintiff is complaining of an injured back. Such an injury falls within the orthopedic field. In Harmon v. McDaniel, La.App., 1949, 41 So.2d 249, it was held that the testimony of an orthopedic specialist is entitled to greater weight than that of a general practitioner.
Drs. Oxford and Caldwell are both well known orthopedic specialists and each may be termed a veteran in this field. Dr. Van Horn's practice since 1945 has been mostly of a general character. Dr. Hilton may be classified as a general practitioner but he is a physician of considerable experience. The record does not make clear the extent of Dr. Campbell's practice and experience but it is limited to osteopathy.
When confronted with a conflict in medical evidence in Jenkins v. Central Culvert Company, La.App., 1947, 33 So.2d 72, 74, Judge Hardy made the following observation, which we consider apropos herein:
"After careful examination and consideration of all of the medical testimony, we have no hesitancy in expressing the opinion that the same definitely preponderates in favor of the contentions made by defendant in this case. With due deference and the utmost respect to all the medical experts as to the sincerity of their opinions, we are impelled to feel that because of the highly specialized qualifications of defendant's witnesses in the fields of orthopedics and X-ray diagnosis they have better established and justified the basis for their conclusions."
It seems to us that it is a significant factor that plaintiff failed to produce without any explanation therefor the testimony of Dr. Ford MacPherson, a well known orthopedic specialist. The reluctance of plaintiff to admit that he had been examined *207 by Dr. MacPherson suggests that plaintiff was informed by the doctor of his findings. In such instances as this, the court has held that the omission is indicative that such testimony would have been unfavorable. In Moore v. Natchitoches Coca Cola Bottling Company, La.App., 1947, 32 So.2d 347, 350, we said:
"The failure on plaintiff's part to provide the court with the testimony of the above named doctors creates a strong presumption that such testimony, if produced, would not have been favorable to his case. This doctrine is well settled in the following cases: Gunter v. Alexandria Coca Cola Bottling Company, Ltd., La.App., 197 So. 159; Comforto v. Cloverland Dairy Products Company, Inc., La.App., 194 So. 43."
A careful evaluation of the lay and medical evidence reveals the complete absence of any objective symptoms pointing to Rider's continued disability. The lay testimony did not substantiate plaintiff's complaints of pain other than through an inference that he has not been employed since the accident. It is worthy of note that none of the witnesses called by him testified as to manifestations of suffering by plaintiff. His wife's testimony on this point would have been material. Both Doctors Van Horn and Campbell admitted their findings of disability were solely predicated on subjective symptoms with the exception that Dr. Van Horn attributed some pain to hypertrophic arthritis reflected by certain X-ray films, which were produced and filed in evidence. These were the same films which were described by Drs. Caldwell and Woolhandler as not being of sufficient technical quality.
Drs. Hilton, Caldwell and Oxford were of the definite opinion that plaintiff was fully able to return to the work he was performing at the time of injury. We are inclined to accept their opinions that plaintiff is without disability. Plaintiff has failed to establish his case to a legal certainty. Our decision is strengthened by the fact that it is in accord with the findings of the trial court. The instant case is one in which we should adhere to the rule that where only factual issues are involved, we are not inclined to disturb the findings of fact by the district court, unless manifestly erroneous. Our findings are in accord with those of the lower court which resolved that plaintiff's evidence was too unsatisfactory to grant an award of compensation except for the period of August 8th to September 19, 1951.
Respondents by answer to the appeal ask that the award of compensation be reversed to the extent of eliminating the payment of compensation from August 8th to September 10, 1951. After a careful review of the testimony of Drs. Hilton and Caldwell, we are of the opinion that plaintiff was entitled to compensation to September 10, 1951, and that the judgment appealed from should be affirmed.
The judgment appealed from is hereby affirmed.