REGAN, Judge.
The plaintiff, Sidney Fava, a laborer, instituted this suit against the defendant, his employer, Jackson Brewing Company, Inc., endeavoring to recover workmen’s compensation at the rate of $30 per week for a period of four hundred weeks, together with " attorney’s fees, for total permanent disability as the result of a back and leg injury which he incurred on or about January 20, 1950 at four o’clock a. 'm., when he “slipped and fell on a conveyor” located on the loading platform of defendant’s brewery.
Defendant answered and, in effect, denied that an accident occurred or if it did occur, that plaintiff incurred any com-pensable disability as a result thereof.
■From a judgment in favor of defendant dismissing plaintiff’s suit he has prosecuted this appeal.
We were not favored with an oral argument in this Court by either counsel, the case being submitted on their respective briefs. ,
The record reveals that the plaintiff was employed by the defendant from May 19, 1947 through May 9, 1950. The nature of his work required him to stock, load and unload beer cases. He related that he could not remember the date and hour that the accident occurred but “he thinks” that “it was somewhere around” January 20, 1950, between 12:45 and 4:15 a. m. and it occurred as he was walking towards the St. Louis end of defendant’s loading platform, when he slipped and fell on a conveyor injuring his back and right leg.' He requested Sam Graffeo, a fellow employee to “paint” the scratches on his back with methiolate. The record reflects that while he immediately reported seven or eight minor accidents affecting him, he excuses himself for not reporting the accident of January 20th, until May, 1950, because Mrs. Elma Gitz, a registered nurse employed by the defendant, to whom such reports were usually made was not present at the time nor did he report it the following day or during the months that followed because he had no further trouble. However, on May 9, 1950, he was admitted to the Veterans’ Administration Hospital in New Orleans (Orthopedic Department). He complained of a recent back pain. He was hospitalized and treated for a lumbo sacral strain from May 9, 1950 until June 3, 1950. A history was taken from the plaintiff when he was admitted to the hospital and no mention was made therein of an accident. When plaintiff entered the hospital his absence from work was reported to be' due to illness, however, on May 25, 1950, or sixteen days after he was admitted to the hospital, he notified his employer, through its registered nurse, Mrs. Gitz, of the alleged accident of January 20, 1950.
On June 3, 1950, he was discharged from the hospital with instructions “to refrain from heavy lifting, to continue exercise and to return to his usual activities some six weeks from now.” Shortly after plaintiff was discharged from the Veterans Hospital, or on June 16, 1950, he filed an application with the Prudential Life Insurance Company for health benefits under a policy also provided by the defendant, which specifically excludes recovery for any condition arising from employment. In the application he represented to this Company that his disability was not “due in any way to a condition arising from * ' * * occupation.” This claim was abandoned according to George Gray, personnel manager of the Jackson Brewing Company, because the plaintiff, subsequently “changed his attitude” and decided to pursue compensable disability benefits.
Dr. H. O. Ernst was the only expert produced by the plaintiff and he testified that he first saw the plaintiff on July 10, 1950, and that while he was not a specialist in orthopedics, he had “made an academic diagnosis based entirely on history, dis *137 tribution of pain, the fact that he had muscle spasm on the left indicating definitely some pathology in that region causing the muscles to go in spasms. It looked like a text book picture of a (ruptured in-tervertebral) disc to me from my experience.” He then referred the plaintiff to Dr. Karr. Dr. Ernst expressed .no opinion with respect to the relationship of the May, 1950 back complaint to the alleged accident at the brewery in January, 1950, except to say that the patient had related to him, in the course of procuring his history, the occurrence of such an accident.
Dr. Lee C. Schlesinger, an orthopedist, appeared on behalf of the defendant and related that he had occasion to examine the plaintiff twice, initially on June- 23, 1950 and on April 13, 1951. He was of the opinion that a man with either a lum-bo sacral strain or a ruptured disc could not perform the work which the plaintiff did from January until May, 1950; that he did not have a ruptured intervertebral disc and as of the date of the last examination his “back appeared to be sound, strong and capable of performing his work.”
Dr. Howard Karr, a neuro-surgeon, who was selected and consulted by the plaintiff on July 14, 1950, and April 19, 1951, but who testified on behalf of the defendant, related that plaintiff was not afflicted with a ruptured disc and if he had been it would have incapacitated him “then and there” after his fall of January 20, 1950. It was his opinion that there existed no causal relation between the incident of January 20, 1950 and the complaints emanating from plaintiff in May of 1950.
While plaintiff initially insisted upon recovering for total and permanent disability, in brief he now claims that he is entitled to compensation “from May 9th, 1950, at least, to the date of the trial of this case which was on June 22nd, 1953, a period of approximately 150 weeks.”
Defendant, on the other hand, maintains that no accident occurred or if one did occur that the plaintiff did not suffer any compensable disability as a result thereof.
The only question which the pleadings and the evidence has posed for our consideration is one of fact and that is whether the accident which is alleged by plaintiff to have occurred on January 20, 1950, caused the disability of .which he complained on May 9, 1950? '
The trial judge answered this question in the negative and our examination of the record fails to disclose any error in his conclusion. He obviously was of the opinion that the plaintiff has failed to prove any causal connection between the accident in January, 1950 and the disability suffered by plaintiff in May, 1950.
We have carefully analyzed the record and we are of the opinion that the whole context thereof convinces us that if an accident did occur it produced no com-pensable disability as a result thereof.
The legal philosophy which has permeated our jurisprudence with liberal rules of evidence and procedure applicable to compensation cases does not apply to proof that the accident caused the disability. Plaintiff must, therefore, establish his case by a preponderance of competent evidence as in any other civil suit. This he failed to do.
We are, therefore, of the opinion that the accident which plaintiff is alleged to have suffered on January 20, 1950, produced no compensable disability.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.