SAVOY, Judge ad hoc.
This suit arises under the Louisiana Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq. Plaintiff filed suit against Aetna Casualty & Surety Company as the insurer of River Brands Rice Milling Company, Inc., for injuries allegedly resulting from an accident during the course and scope of his employment on or about July 5, 1955. Plaintiff prayed for total and permanent disability payments at the rate of $30 per week for a period not to exceed 400 weeks with interest and medical expenses.
Defendant filed an answer admitting the accident, but denied that plaintiff was disabled at the time of the trial.
After hearing the case, the trial judge, without giving written reasons, rejected the demands of plaintiff and dismissed his suit.
An appeal to this court followed. The Court has not been furnished with a brief by counsel for plaintiff, and counsel for plaintiff notified the Court the day before the case was to be heard asking for a continuance. Counsel for defendant strenuously opposed this and announced he was ready to be heard on the day fixed. In view of the circumstances the Court felt that a proper showing had not been made for a continuance and heard the matter as scheduled.
The record reveals that all parties are in agreement that plaintiff was injured on the job. The main dispute is as to his disability on the date of trial.
We have before us the testimony of Dr. R. E. Dupre for plaintiff. Dr. Dupre is a general practitioner and surgeon. He felt that plaintiff had suffered a fracture of the fibula, a bone in the right leg, and an injury to the ankle and foot. However, he did admit that the X-rays did not reveal any bone injury.
*127 Defendants produced as their witnesses Drs. George P. Schneider and James Gilly, two specialists in orthopedic surgery, residing in Lake Charles and Lafayette, Louisiana, respectively.
Dr. Schneider examined plaintiff on two occasions. Dr. Schneider testified that he first examined the petitioner on July 23, 1936. He made a clinical examination of the patient and also had X-rays taken of plaintiff’s leg. Dr. Schneider was of the opinion that plaintiff had sustained a fracture of the right medial malleolus at the time of his initial episode of trauma, and as a result of his findings, he felt that a very satisfactory recovery had taken place. Dr. Schneider re-examined plaintiff on October 8, 1957. He again had X-rays made of plaintiff’s leg and was unable to find any evidence that any secondary abnormality had occurred other than noted in his first examination. He found that plaintiff had completely recovered from his injury and could return to his former occupation.
Dr. James Gilly first examined plaintiff on August 23, 1955. The patient complained of pain in the right foot and ankle. Dr. Gilly felt that the pain was due to residual muscular atrophy and that this would disappear with continued use of the extremity. Dr. Gilly estimated six weeks disability. He next examined plaintiff on May 9, 1956, and the last time on March 6, 1958. Dr. Gilly was of the opinion that on May 9, 1956, plaintiff had recovered and was able to return to his regular duties as a laborer. Plaintiff admits he received compensation to May 9, 1956.
The general rule is that in workmen’s compensation cases the testimony of the specialist should prevail over that of the general practitioner in case of conflict in their testimony. Rider v. R. P. Farnsworth Company, La.App., 61 So.2d 204, Carter v. Consolidated Underwriters, La.App., 62 So.2d 682, and Richmond v. New Amsterdam Casualty Company, La.App., 85 So.2d 717.
 The plaintiff in a workmen’s compensation case must, as in other civil cases, bear the burden of proof and must establish his case by a reasonable preponderance of the evidence. Anderson v. Peek, La.App., 102 So.2d 776. We believe that the plaintiff has failed to carry the burden in the case at bar.
For the written reasons assigned, the judgment of the district court is hereby affirmed.