116 So.2d 726 (1959)
William SCOTT, Jr., Plaintiff-Appellant,
v.
ROY O. MARTIN LUMBER COMPANY, Inc., Defendant-Appellee.
No. 9139.
Court of Appeal of Louisiana, Second Circuit.
December 22, 1959.
*727 W. T. McCain, Colfax, Donald M. Garrett, Alexandria, for appellant.
Maurice T. Mouton, Alexandria, for appellee.
GLADNEY, Judge.
Plaintiff, a former employee of Roy O. Martin Lumber Company, brings this action for the recovery of workmen's compensation, alleging that by reason of an accidental employment injury to his back on July 1, 1957, he was rendered totally and permanently disabled from continuing his employment which was in the nature of carpentry work. The case was put at issue by respondent's answer denying such total disability and upon this issue was tried on its merits, after which the trial judge dismissed plaintiff's action as of nonsuit, hence the appeal. No answer to the appeal has been filed.
The employee, William Scott, Jr., alleged that on the above date while acting in the course and scope of his employment in building a ramp, he stumbled and fell backward, falling some four or five feet upon heavy "bunks" upon which lumber is stacked. At the time he was working with Edward Collins. Scott said that following his fall he reported the incident to his coworker, Collins, who corroborated this testimony, testifying he did not see plaintiff fall but the latter had related this fact to him in a joking manner. Scott continued to work throughout the day and two days later reported to an official of the defendant he thought he had hurt his back, and was sent to Dr. Blanchard H. Texada, a physician and surgeon of Alexandria.
Dr. Texada, after a thorough physical examination, was of the opinion the employee was suffering from "a muscular straina contusion and muscular strain in his left lumbar region." The doctor stated his examination did not warrant a diagnosis of herniated disc and he felt it unnecessary to make an X-ray study of the patient's back. Conservative treatment was prescribed consisting of diathermy and an analgesic for pain and discomfort. Several treatments followed, after which on July 20, 1957, the employee was discharged as able to return to duty. At this time Scott told the doctor he had no further complaints.
After his dismissal by Dr. Texada, Scott resumed his work and worked until January 17, 1958, without interruption as evidenced *728 by his employment earnings record which discloses he was paid each week not only for the full 40 hour week but that he frequently earned substantial payments for overtime. Plaintiff then informed his employer he was suffering so much pain in his back he could no longer continue his employment. The defendant then requested Scott to see Dr. Daniel Kingsley, an orthopedist, who performed on January 20, 1958, a complete orthopedic examination with X-rays of the lumbar area and arrived at the following conclusion:
"Q. Doctor, one last question. Did you find any evidence whatsoever of disability with reference to William Scott, Jr., other than the arthritic condition that you have testified to? A. I could not find anything except the arthritis and there were several things that I could not explain at all, as the sensory findings going all the way up the left half of the body, down to the fingers, face and his arm.
"Q. In other words, such findings were not compatible to a disc injury. Is that correct? A. No, sir, they were not."
Several other medical examinations were had before and after this suit was instituted on March 19, 1958. Plaintiff was examined by Dr. John W. Deming on March 6, 7, and 8, 1958, by Dr. Bruce Wallace during the first part of June, 1958, both of these doctors being physicians and surgeons. A further examination was made on June 13, 1958, by Dr. P. M. Davis, an orthopedic specialist. It was the opinion of Dr. Deming there was a possibility plaintiff had received a disc injury and that he should be examined by an orthopedic surgeon. Dr. Wallace, although neither an orthopedist nor a neurologist, made a positive finding plaintiff had sustained a herniated intervertebral disc injury related to the accident. Upon cross-examination the doctor took the position he was not less capable of making such a diagnosis than an orthopedist or a neurologist. Dr. Davis gave the plaintiff one orthopedic examination and testified he felt the patient had experienced a ruptured intervertebral syndrome, but qualified this opinion by stating:
"One examination of this type is not sufficient to make a definite diagnosis of disc syndrome, and it is felt the patient should be seen one or two more times to confirm the findings."
In addition to the expert testimony presented, there was adduced the testimony of several lay witnesses, including that of R. B. Neblett, Scott's former plantation employer to the effect plaintiff had been a satisfactory employee and had not presented any claims for injury; Johnnie Smith, a friend, who testified as to the complaints of pain by plaintiff, as did Frank Ellis, an acquaintance of the plaintiff; and further testimony was given by Corrine Scott, plaintiff's wife. This testimony to a certain extent is unsatisfactory for it was not specific as to the time when the complaints were made. Several lay witnesses also appeared to testify in behalf of the employer, including Elton E. Nash, plant superintendent, Hurley J. Dauzat, foreman of the unit in which plaintiff customarily worked, and Charles H. Jeffries, Jr., who handled compensation matters for the company. The substance of their testimony is that Scott rendered satisfactory work and made no complaint of pain from the date of his discharge by Dr. Texada on July 20, 1957, until January 17, 1958.
This case presents primarily for determination, first, whether plaintiff is wholly disabled from performing the duties of his employment; and secondly, whether the disability of the employee, if proven, has a causal connection with the injury he sustained.
The trial judge rendered an exhaustive opinion in which he considered at length the detailed findings of the physicians and specialists who testified. In discussing the evidence and opinions as to the presence of a disc syndrome, the court points out the *729 testimony of Drs. Texada and Kingsley is unfavorable to plaintiff; that of Drs. Davis and Deming is conjectural, and that of Dr. Wallace favorable to plaintiff's cause. After all of the medical and lay testimony was weighed, the trial judge was of the opinion plaintiff may yet be able to establish a disc injury with certainty, and accordingly, acting in the interest of justice, he dismissed the action as of nonsuit. As to the connection between plaintiff's alleged injury and disability, the court made this statement:
"Strongly militating against such a causal connection are the facts that plaintiff continued to do hard manual labor for approximately six months after his discharge by Dr. Texada, whom he told that he had no further complaints; and that his work over this period was done without complaint to anyone until he notified Mr. Dauzat of his condition in January 1958. Plaintiff's testimony is that he was never without pain and it got `worser and worser' so that he had to quit work. His explanation for working in this condition was that he thought he would wear it off and he did not want his employer to think that he didn't want to work. It appears a tax on credulity to accept plaintiff's statement and explanation, particularly when it is claimed that the pain continued to grow worse."
It is established with unanimity by our jurisprudence, a plaintiff in a workmen's compensation suit must establish his case by a preponderance of competent evidence as in any other civil suit, and the required liberal construction of the statute does not relieve a claimant from this burden. Garrett v. Gaylord Container Corporation, La.App.1954, 71 So.2d 373; Fava v. Jackson Brewing Company, Inc., La. App.1956, 86 So.2d 135; Bryant v. Employers Mutual Liability Insurance Company of Wisconsin, La.App.1957, 94 So.2d 687. It is likewise a well-settled principle an employee in a suit for workmen's compensation is not required to prove the specific injury causing disability. Thus, if there is found to be an accidental back injury which brought on employee's disability, the fact that physicians do not agree on its exact cause cannot deprive an employee of compensation which is otherwise due him. It is sufficient for the employee to prove disability. Lowery v. W. Horace Williams Company, La.App.1942, 8 So.2d 704; Lacy v. Employers Mutual Liability Insurance Company of Wisconsin, La.App.1956, 86 So.2d 605, 611. In weighing medical opinions it has been held frequently by our courts that special knowledge and skill with regard to an injured back falls within the field of orthopedic specialists whose testimony in a workmen's compensation suit involving such an injury is entitled to greater weight than that of a general practitioner. Rider v. R. P. Farnsworth Company, Inc., La.App.1952, 61 So.2d 204, 206; Gaspard v. Fidelity & Casualty Company of New York, La.App. 1956, 89 So.2d 445, 447; Edwards v. Aetna Casualty and Surety Company, La.App. 1959, 108 So.2d 126, 127.
Counsel cite in support of plaintiff's cause York v. E. I. Du Pont De Nemours & Company, La.App.1948, 37 So.2d 68, and Thibodeaux v. Houston Fire & Casualty Insurance Company, La.App.1954, 77 So.2d 137. These cases are inapposite as neither discloses a factual situation in which there was a long period of uninterrupted work by the employee without complaint, but on the contrary, there was shown a continuance of uninterrupted symptoms and discontinuance of employment in the two cases to which referred.
Application of the above stated legal principles to the case at hand indicates an absence of manifest error in the ruling of which complained. Plaintiff has failed to substantiate by the preponderance of the evidence required in a case of this sort total disability or causal connection between the accident of July 1, 1957, and the *730 injury alleged, by evidencing a continuance of symptoms from the time of the alleged injury until his discontinuance of employment some six months after his discharge by Dr. Texada as being able to return to his work. The employment records of plaintiff show his continued regular employment for a period of about six months without interruption and without complaint to his fellow employees. The conjectural opinion of the only orthopedist called to the witness stand by plaintiff falls short of overcoming other evidence and establishing to a legal certainty plaintiff was as of the time of trial suffering from a totally disabling injury.
These findings which concur with those of the district court require that the judgment from which appealed be affirmed at appellant's cost.