CULPEPPER, Judge.
This is a suit for workmen’s compensation in which plaintiff is seeking judgment for $35 per week for 400 weeks as for total and permanent disability.
The facts show that the plaintiff, a thirty-five year old Negro male, was employed by the Southern Timber Company, Inc., its insurer being the defendant, Bituminous Casualty Corporation. Plaintiff alleges that on or about Saturday, August 9, 1959, while working for defendant, Southern Timber Company, Inc., he sustained an injury to his back in loading pulpwood onto a truck. The plaintiff’s testimony shows that while throwing or lifting a “stick” on a truck, he got a “catch” in his back. After quitting work for approximately thirty minutes, plaintiff resumed loading pulpwood for the remainder of the day. On Monday following the alleged accident, the plaintiff requested that his foreman, M. B. Johnson, also employed by the defendant, furnish him with a “slip” in order that he might consult a doctor concerning his injured back. M. B. Johnson told plaintiff to go see Mr. Ewing for authorization to visit a doctor. Mr. Ewing refused to give plaintiff a “Doctor’s slip” and consequently plaintiff did not see a doctor until after he had consulted an attorney some three weeks following the accident.
*328 There is no dispute that Johnson is totally disabled due to an injury to his back. Dr. C. V. Hatchett, who examined Johnson on two occasions, testified that, in his opinion, ithe plaintiff has a ruptured intervertebral disc. Dr. Hatchett further stated that Johnson was unable to perform hard manual labor. There was no other medical testimony.
The sole question for determination in the present case is whether plaintiff’s condition is the result of an accident which occurred during the course and scope of plaintiff’s employment.
According to the plaintiff, immediately upon feeling a pain in his back while lifting or throwing a piece of wood, he told James Thomas, who was working with him at the time, that he had a “catch” in his back. Plaintiff also testified that about thirty minutes after the alleged accident, he also told M. B. Johnson, his foreman, he had hurt his back.
Thomas and M. B. Johnson denied that the plaintiff said anything on the day of the alleged injury about his having been hurt. Both, however, admitted that the plaintiff appeared Monday following the accident to request a slip in order to obtain medical attention.
Osbourne Johnson, plaintiff’s brother, testified that he visited the plaintiff at his home on Saturday night, and found him in considerable pain, and that Johnson told him he had hurt his back while working.
Vesie Mae Johnson, plaintiff’s wife, also testified that upon Johnson’s return from work the day of the alleged accident, he complained of extreme pain in his back and that her husband told her he had hurt it while loading wood. There was no evidence to contradict the positive testimony that plaintiff Johnson was suffering from a severe back pain immediately following the date of his injury.
It is the position of the defendant-appellant that in such cases as Gardner v. Travelers Insurance Company, La.App., 12 So.2d 830; Fava v. Jackson Brewing Company, La.App., 86 So.2d 135, and Henderson v. New Amsterdam Casualty Company, La.App., 80 So.2d 438, the jurisprudence is well settled that in suits for workmen’s compensation benefits the plaintiff bears the burden of proving his claim by a preponderance of the evidence the same as in other civil actions and defendant contends that plaintiff has failed to meet this burden of proof. Defendant argues that the testimony of the plaintiff himself is unworthy of belief because of certain inconsistencies, particularly in the way he described his exact movements at the time of the accident. Defendant points out further that the only other witnesses for plaintiff were his brother, his wife and a friend named Willie Foster, in addition to Dr. C. V. Hatchett, who, of course, testified only to the medical aspects of the case.
The defendant argues that the trial court should not have accepted the testimony of these witnesses as being truthful, and as being sufficient to sustain plaintiff’s burden of proof. Defendant contends that the court should have accepted the testimony of M. B. Johnson, plaintiff’s foreman, and James Thomas, a fellow worker, both of whom denied that plaintiff told them about the accident on the date of his injury and both of whom testified that on said date plaintiff appeared to work in a perfectly normal manner. Of course, the evidence showed that M. B. Johnson and James Thomas are still working for the defendant, and this may have affected the trial court’s appraisal of their credibility.
The jurisprudence of this State is well settled that the findings of the trial court, especially as to veracity of witnesses, are entitled to great weight since the trial court has the opportunity to observe the demeanor of all of the witnesses and such findings will not be disturbed unless manifestly erroneous. Young v. Hillyer, Deutsch, Edwards, Inc., La.App., 152 So. 89; Richardson v. Southern Kraft Corporation, La.App., 5 So.2d 24; Robinson *329 v. Frost Hardwood Floors, La.App., 25 So.2d 312; Williams v. White, La.App., 91 So.2d 83. It is apparent that the trial court gave greater credibility to plaintiff and his witnesses than to the witnesses for the defendant. In our opinion, his findings in this respect are not manifestly erroneous and will, therefore, not be disturbed.
For the above and foregoing reasons, the judgment of the District Court is affirmed. Defendant is assessed for all costs of this appeal.
Affirmed.