WILLIAM F. WOODS, Judge.
This suit involves a compensation claim where the defendant employer and its insurer appeal from a judgment awarding plaintiff compensation benefits at the rate of $35.00 per week for twenty-one weeks from the date of August 18, 1960, through January 18, 1961.
The plaintiff was injured on April 27, 1960, while employed as a freight handler, when a bale of cotton struck him in the back and side while unloading a box car. This employment, rate of pay and the facts of an accident and injury are all admitted by the defendants. Compensation was paid through August 17, 1960, together with all medical expenses incurred.
The only question presented by this appeal is a factual one, i. e., did plaintiff’s disability terminate on August 17, 1960, or *489 January 18, 1961, and, of course, must be determined on the basis of the evidence.
After his injury, the plaintiff was treated for a sprained back by Dr. Mannie D. Paine, a general practitioner and surgeon, at regular intervals during the months of April, May, June, July and up until August 17, 1960, when Dr. Paine discharged him to return to work.
In consultation with Dr. Paine, the plaintiff was also examined by Dr. George Bat-talora, Sr., an orthopedic surgeon, who concurred in Dr. Paine’s diagnosis, treatment and discharge of the plaintiff.
The plaintiff’s only witness beside himself was Dr. Byron Unkauf, an orthopedic surgeon, who expressed the opinion the X-rays taken of the plaintiff showed a small fracture of the posterior aspect of the left ilium. When Dr. Unkauf examined the plaintiff on September 22, 1960, he thought the plaintiff should return to work “in the very near future.”
In addition to the testimony of Dr. Paine and Dr. Battalora that their examination of the X-rays revealed no fracture of the left ilium, the defendants produced Dr. Irving Redler, an orthopedic surgeon, and Dr. Joseph Brierre, an expert radiologist, who both contradicted Dr. Unkauf’s opinion of the existence of a fracture.
The plaintiff in a compensation case bears the burden of proving his case by a preponderance of the evidence, like any other plaintiff. He must establish his case to a legal certainty and the burden rests upon him to prove the extent and duration of his disability; Rider v. R. P. Farnsworth Co., La.App., 61 So.2d 204. See also Roberts v. M. S. Carroll Co., La.App., 68 So.2d 689, and authorities cited therein.
We think the testimony of the treating physician and other medical experts offered by the defendants clearly preponderates and justifies the conclusion that plaintiff’s disability terminated on August 17, 1960.
Therefore, the judgment of the lower court is annulled, set aside and reversed and there is judgment for the defendants rejecting the demands of the plaintiff at his cost.