HERGET, Judge.
This is a suit wherein plaintiff, Bud Lau-rant, seeks to recover workmen’s compénsation from defendant, The Fidelity and Casualty Company of New York, the workmen’s compensation insurance carrier of Bryson Esso Service Station, resulting from an alleged disabling head injury sustained on February 11, 1961 while tightening some bolts on the underside of a vehicle on the rack. Plaintiff alleged he struck the side of his head against either the rack or the automobile causing a traumatic lump on the left side of his head in the region of the parietal bone about four inches above the ear.
For written reasons assigned, the Trial Court rejected Plaintiff’s demands and dismissed his suit. Whereupon, through counsel, Plaintiff perfected this appeal.
Defendant denied Plaintiff was injured while he was within the course and scope of his employment with its insured; maintained the head injury Plaintiff complains of resulted from a previous accident, and denied Plaintiff was in any way disabled to perform the duties in which he was engaged when allegedly injured in consequence of the lump on his head.
Plaintiff testified he sustained the injury to his head on February 11, 1961; that as a result he suffered headaches; that because of his physical condition caused from such injury he no longer is able to perform the duties required of him at the filling station. In support of his claim he offered the testimony of two barbers who related the lump on Plaintiff’s head was not present prior to February 11, 1961. One of these witnesses testified he had not cut Plaintiff’s hair since some time in 1960 and the other barber stated he first noted the knot on Plaintiff’s head in March of 1961. Subsequent to the alleged injury, Plaintiff continued his employment with Defendant’s insured until March 21, 1961 when Plaintiff’s employer discharged him upon receipt of a letter from an attorney employed by Plaintiff demanding compensation benefits. Though Mr. Bryson, the employer,, was unable to remember the exact date, he testified on an occasion Plaintiff complained to him he had bumped his head while working on the rack *316 but did not in any way maintain the injury disabled him in the performance of his work. Plaintiff did not request Defendant’s insured to furnish him medical treatment. In fact, the first time Plaintiff saw a physician concerning the alleged injury was on April 10, 1961 when he was examined by Dr. Dean H. Echols. Though Plaintiff maintained the injury received by him was disabling, he conceded if given re-employment by Defendant’s insured he would accept same. He further related he attempted to obtain work from other service stations after being discharged by Mr. Bry-son. As noted supra, Plaintiff maintained the injury was sustained by him on February 11, 1961 while employed by Defendant’s insured. On the trial of the case on cross-examination he was confronted with a deposition taken from him in March of 1960 wherein he admitted: “Well, I had a few dollars give to me on account of this lump here on my head.” In response to counsel’s cross-examination, Plaintiff, in what may be categorized. as a most evasive manner, related the lump referred to in the deposition was another one which had been removed prior to the accident alleged herein.
The burden of proof in compensation cases as well as in other civil matters rests on plaintiff to prove same by a preponderance of evidence. In proof of this alleged claim, it is incumbent for Plaintiff to show: (1) he sustained the injury in the scope and course of his employment with Defendant’s insured on February 11, 1961; and (2) that said injury resulted in causing disability to perform his work. We are of the opinion Plaintiff has failed to show by a preponderance of the evidence either of these conditions.
In weighing the medical testimony offered by Plaintiff, in its written reasons for judgment, the Trial Court observed:
“The only medical testimony in the record is of Dr. Dean H. Echols of New Orleans, whose deposition was filed in the record on the trial of the case. It was his opinion, on cross examination, that from his findings there was no reason why the plaintiff could not continue to work without restriction in his former occupation.”
Our examination of Dr. Echols’ deposition leads us to the same conclusion, that is, Plaintiff was in no way disabled to perform the duties incumbent upon him at the filling station without restriction. We further observe Dr. Echols testified though the lump on Plaintiff’s head may have been of traumatic origin and could have been caused in the manner Plaintiff maintained, same could likewise have a congenital origin. Additionally, we are in accord with the further observation of the Trial Court in its reasons for judgment, as follows:
“ * * * In the opinion of the Court, Laurant’s testimony is not worthy of belief. His answers on cross examination were evasive, and his manner on the stand was such as to engender little confidence in the truth of the matters which were asserted by him.
“Despite the testimony of the two witnesses who testified that the lump which was on Laurant’s head was not there prior to the time of the alleged accident, it is further the opinion of the Court, based on statements made by Laurant in his deposition of March 4, 1960 which was offered in evidence, that the lump actually preexisted the date of the alleged accident.”
The trial court’s conclusion as to the veracity of the witnesses where it is afforded the opportunity for observation of the demeanor of the witness is entitled to great weight and is of inestimable worth to appellate courts in resolving such issues.
At best, there is only speculation, possibility or suggestion, Plaintiff did, in fact, receive the injury about which he complains. Such showing is insufficient to discharge the burden placed on him. Rider v. R. P. Farnsworth, La.App., 61 So.2d 204; *317 Franks v. Department of Highways for Louisiana, La.App., 43 So.2d 491.
Being of the opinion Plaintiff has failed to prove his case by a requisite preponderance of the evidence, the judgment of the Trial Court is affirmed.
Affirmed.