439 So.2d 547 (1983)
Fred G. HAMILTON
v.
The AMERICAN INSURANCE COMPANY.
No. 82 CA 1121.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*548 Charles W. Wilson, III, Baton Rouge, for plaintiff-appellee Fred G. Hamilton.
James L. Donovan, Metairie, for defendant-appellant The American Ins. Co.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Defendant appeals the judgment of the trial court awarding the plaintiff workmen's compensation benefits.
The plaintiff, Fred G. Hamilton, and his wife own approximately 40 rental units. Prior to plaintiff's injury, Mrs. Hamilton handled the accounting and administrative end of the business, while the plaintiff performed part of the maintenance, minor renovations and repairs. On September 30, 1980, the plaintiff was injured while trimming tree limbs on rental property he maintained. The property in question is actually owned by the plaintiff's daughter subject to a usufruct in favor of Mr. and Mrs. Hamilton. Rentals from this unit are the property of the Hamiltons. Mr. Hamilton was hospitalized for three weeks after the accident and continued to be disabled after his discharge for approximately one year.
American Insurance Company had issued plaintiff a workmen's compensation policy which was in effect at the time plaintiff's claim arose. On October 6, 1980, the plaintiff submitted a proof of claim to the defendant requesting payment of compensation. In response, the defendant forwarded a draft in the amount of $599.94 for compensation due for the period September 30, 1980 through November 15, 1980. The plaintiff, thinking the amount tendered was in error, declined to negotiate the draft and *549 subsequently furnished the defendant verification of medical expense in the sum of $3,974.22. Finally, on March 24, 1981, plaintiff received a letter from the defendant's attorney indicating that the defendant considered the claim non-compensable.
Plaintiff brought this suit to recover workmen's compensation benefits, related medical expenses, and statutory penalties, including a reasonable attorney's fee, he alleges are due him because of defendant's arbitrary and capricious denial of coverage. The defendant filed a third party claim against the plaintiff's daughter, as owner of the property. The trial court rendered judgment in plaintiff's favor and against the defendant in the amount of $17,709.00 together with legal interest for compensation benefits and medical expenses. The court also found that there was no ground for awarding penalties and attorney's fees for the defendant's alleged arbitrary and capricious refusal to pay. From that judgment, the defendant appeals. Plaintiff appeals that part of the judgment disallowing penalties and attorney's fees.
On appeal, the defendant lists three assignments of error:
"1. The Trial Court erred in failing to hold that plaintiff's policy did not cover him while he was performing duties on someone else's property.
2. The Trial Court erred in finding that Plaintiff had lost wages when there was nothing in their record to prove he received wages from the owner of the property, Mary Gail Hamilton.
3. The Trial Court erred in awarding judgment against the defendant, American Insurance Company, and in not granting judgment against third-party defendant, Mary Gail Hamilton, as the owner of the property."
In support of his first assignment of error, defendant claims that the policy issued to Fred Hamilton and his wife only included coverage for buildings and operations owned or leased by them and thus excluded coverage for injuries occurring on property owned by someone else. The defendant fails to point out in his brief these so-called "clear terms of the policy" which would exclude coverage. Defendant apparently relies on the language contained on the declarations page of the policy under "Item 4, Classification of Operations." Listed under this item is the following: "Buildings NOC (not otherwise classified) Operation by Owner or Lessee". However, also under that item we note the following language: "Entries in this item, except as specifically provided elsewhere in this policy, do not modify any of the other provisions of this policy."
Nowhere in the policy do we find a limitation of coverage to injuries occurring on property owned or leased by the plaintiff. The policy only provides that "all of the provisions of the workmen's compensation law shall be and remain a part of this policy as fully and completely as if written herein, so for as they apply to compensation and other benefits provided by this policy...". La.R.S. 23:1035, a provision of the Workmen's Compensation law entitled "Employees Covered", states in pertinent part:
"A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation, except that the bona fide president, ... or a sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter."
There is no question that plaintiff's business was the ownership and maintenance of rental units and that he was injured while in the process of maintaining one of those units from which he received rentals as usufructuary of the property.
Our review of the policy and workmen's compensation law reveals no provision that excludes coverage of this injury. At best, the item classification on the declarations *550 page is ambiguous and as such, is to be strictly construed against the party who prepared the contract. La.C.C. Art. 1957; Rayford v. Louisiana Savings Association, 380 So.2d 1232 (La.App. 3rd Cir.1980), writ denied, 384 So.2d 793 (La.1980). Accordingly, we agree with the trial judge that plaintiff's injury was covered under the workmen's compensation policy issued by the defendant.
Defendant next argues that even if coverage is afforded under the policy, plaintiff is not entitled to compensation benefits because the plaintiff's disability did not actually diminish his earning capacity.[1] In support of this argument, defendant relies on the fact that plaintiff's entire income was derived from rental payments which remained the same despite his disability. Therefore, defendant concludes that the trial court erred in calculating plaintiff's lost wages under La.R.S. 23:1021(7)[2], by taking plaintiff's share of rental income for the year in the amount of $20,500.00 and dividing it by 52 to get a weekly "wage" of $394.23.
In 1979, the legislature amended La.R.S. 23:1035 to include self-employed persons under the Workmen's Compensation Statute. Prior to that amendment, the courts had held that sole proprietors were not entitled to collect compensation benefits. Carney v. Liberty Mutual Insurance Company, 277 So.2d 175 (La.App. 3rd Cir.1973). Since the statute's amendment, we find no case in which a sole proprietor's wages were calculated for purposes of determining workmen's compensation benefits. Neither does La.R.S. 23:1021(7) give us any guidance. However, we do find an analogous situation in the line of cases involving independent contractor's claims for compensation.
In Burgess v. Southern Casualty Insurance Company, 203 So.2d 434, 437 (La. App. 3rd Cir.1967) the court stated:
"When the injured party is an independent contractor, engaged in manual labor of the same kind as that done by his employees, then his profits and overhead cannot be included as a part of his `wages' in computing the weekly rate of Workmen's Compensation Benefits which may be due him. In such a situation, the courts will determine the prevailing wage basis for work similar in character to that performed by the claimant, and will use that amount in computing the amount of compensation which may be owed. Carter v. Consolidated Underwriters, 62 So.2d 682 (La.App. 2d Cir.1953); Webb v. Crosby Lumber and Manufacturing Co., 105 So.2d 290 (La.App. 1st Cir.1958); Malone, Louisiana Workmen's Compensation Law and Practice, P. 185 of 1964 Supplement."
It is our opinion that a sole proprietor's "wages" should be calculated in the same way that an independent contractor's "wages" are calculated for purposes of determining *551 workmen's compensation benefits. To calculate a sole proprietor's wages as the trial judge did in this case "leads to a result in the terms of profits from operations, and, in our opinion, has no relationship to wages which should and must serve as the basis for an award of compensation." Carter, 62 So.2d at 684. In this case, the testimony reveals that the Hamiltons employed at least one man who performed maintenance work along with the plaintiff. It would be appropriate then to use that employee's wage basis or another's in a similar job in order to calculate Mr. Hamilton's "wages". However, since the record fails to disclose the basis on which this employee was paid, or the amount of work he did in comparison to the plaintiff, it is necessary to remand this case in order that this evidence may be taken and used in calculating the plaintiff's actual wages and resulting benefits.[3]
Finally, the defendant argues that if the plaintiff is indeed entitled to receive benefits then plaintiff's daughter, Mary Hamilton, is the proper party to respond to those benefits under La.R.S. 23:1061 which provides that when maintenance and repair services are performed by a subcontractor at the premises of the principal, the principal becomes the statutory employer of the subcontractor. We find no evidence of any principal-subcontractor relationship between Mary Hamilton and her father. The record reflects that plaintiff was doing the work for himself and his wife as the recipients of the rentals from the property. The naked ownership of the property by Mary Hamilton appears to have been mainly for tax purposes with plaintiff and his wife remaining the actual parties at interest.
Plaintiff lists as error the failure of the trial court to award statutory penalties and attorney's fees under La.R.S. 22:658[4], claiming that the withholding of benefits by the defendant was arbitrary and capricious. In his reasons for judgment, the trial judge found no ground for awarding penalties and attorney's fees, noting that defendant did initially tender a payment that was rejected by the plaintiff and that defendant's denial of coverage was based on its attorney's legal opinion. Although the record reflects that defendant denied compensation for different reasons at different times, we find no abuse of discretion on the part of the trial court, especially in view of the difficulty in determining the amount of compensation owed.
For the foregoing reasons we affirm that portion of the district court's judgment holding plaintiff entitled to workmen's compensation benefits. We remand for a determination of the amount of benefits based upon plaintiff's loss of wages determined *552 according to the views expressed herein. Costs are to be paid by the defendant.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Defendant's assignment of error referred to allowing compensation for wages when no wages were received from Mary Hamilton. In issues presented by the appeal, defendant questions loss of wages when plaintiff's income consisted of rentals which defendant claims did not decrease. We treat the latter issue here because the other issue is resolved by our holding that Mary Hamilton is in no way responsible in this matter.
[2] La.R.S. 23:1021(7) states:

(7) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: (a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater; (b) If the employee is paid on a monthly basis, his monthly salary divided by four; (c) If the employee is employed at an annual salary, his annual salary divided by fifty-two; and (d) If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceeding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four; provided, however, that if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
[3] In order to determine the amount of compensation benefits due, it is necessary to first determine the extent of disability under La.R.S. 23:1221. The trial judge in this case found that the plaintiff was temporarily totally disabled for a period of one year based on the fact that the plaintiff was unable to engage in any gainful occupation for wages during that period. La.R.S. 23:1221(1). We find no manifest error in that finding by the trial judge. Therefore, the only question left to be determined on remand is the amount of wages the plaintiff was earning at the time of his injury and the resulting benefits based on those wages.
[4] La.R.S. 22:658 states:

All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.