GOTHARD, Judge.
This case arises from a fatal accident in which a dump truck struck and killed a pedestrian. From judgment in favor of the defendant, the plaintiffs appeal.
The plaintiffs are Frank Cucchero, widower of Lucy Cucchero, and the couple’s six daughters. The defendant is Bituminous Casualty Corporation, liability insurer of Cucchero’s Truck Service as well as worker’s compensation insurance carrier for the company. Frank Cucchero, along with his wife, had operated the company, a land fill hauling operation, from his home on Orion Street in Metairie and used a vacant lot next to the residence for parking his trucks. Although the cause and exact circumstances of the tragedy are in dispute, Mrs. Cucchero, age 69, was in the lot checking with two of the drivers on orders for the day and, seconds before the accident, was assisting one of them in backing his vehicle into the street. Russell Whitman had backed his truck partially into the street in order to let another truck parked in front of him move out into the street. Whitman started moving his vehicle into the yard and in some manner made contact with Mrs. Cucchero’s body, killing her instantly.
Trial was held before a judge on February 23, 1987. He took the case under advisement and rendered judgment dismissing the plaintiffs’ tort claim and awarding Frank Cucchero as surviving spouse $130 per week worker’s compensation benefits from date of Mrs. Cucchero’s death until his death or remarriage, plus legal interest and costs. Worker’s compensation benefits have been paid into the registry of the court as they have come due.
The issues before us are: (1) whether the trial court erred in finding that the plaintiffs failed to prove negligence on the part of the defendant’s insured, Russell Whitman, and that his negligence caused Mrs. Cucchero’s death; and (2) whether it was error to find that Mrs. Cucchero was an employee of Cucchero’s Truck Service, thereby limiting the plaintiffs’ recovery to worker’s compensation benefits.

Causation and Negligence

The trial judge commented as follows in his reasons for judgment:
On the morning in question, Mrs. Cucchero was directing traffic for the trucks which were either entering or leaving the truck yard. One truck left the yard and waited on the street so that another truck could leave the yard. The *82 first truck re-entered the yard as Mrs. Cucchero was still in the yard. Mrs. Cucchero was a very short woman and could not be seen by the driver of the truck. The truck struck her on her right side, knocking her down and rolling over part of her body. It is difficult to say how the accident happened. It is not clear whether or not she walked into the truck but it is clear that the driver could not see her.
The plaintiff failed to show that the defendant was negligent in his operation of the vehicle or that his negligence was the proximate cause of the injuries sustained by the plaintiff.
Causation is a finding of fact, which the appellate court may not overturn unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330, (La.1978), Pizzaloto v. Hoover Co., 486 So.2d 124 (La.App. 5th Cir.1986), writ denied 488 So.2d 202 (La.1986).
The appellants theorize that Mrs. Cucche-ro was knocked down by the right front area of the truck and then rolled over with the right front tire. Whitman would have been unable to see her, as she was only five feet one inch tall, while the hood and bottom of the passenger window were more than six feet from the ground. The appellees’ position, based upon the deposition testimony of Gerald Borne, the only eye-witness, is that the truck did not actually roll over the decedent and that she walked into the truck.
Russell Whitman testified that he spoke with Mrs. Cucchero after pulling his truck onto the apron between the yard and the street so that Borne could back out. He reported to her that he would not be leaving the yard right away because he and Mr. Cucchero were going to work on the vehicle. He then watched her in the mirror as she walked out of sight around the back of his truck. He remarked that she walked about among the trucks almost daily. Whitman stated that he checked all three rear view mirrors and looked through the windshield, then released the emergency brake and started forward. He heard Borne’s horn and looked to the right side, stopped, and reapplied his emergency brake. He estimated that he had moved “a couple feet, I guess walking speed.”
Gerald Borne testified that he had backed out into the street roughly parallel to Whitman. Mrs. Cucchero had been standing between the two trucks when she turned to her left while looking at some work orders and bumped into the Whitman truck which had begun moving. She was hit by the gas tank and bottom of the dump body, was thrown up and forward, landing face down with her head against the tire. Borne agreed that Whitman would have been unable to see her at the right front from the driver’s seat.
The testimony of Dr. Alvaro T. Hunt, who performed the autopsy, indicated that the crushing injuries sustained and the location of them were consistent with the truck’s having passed over her left arm and left upper part of the thorax. He found that the tire had “pinched” the left side of her head but there was no crushing injury to the head. He saw no evidence of injuries compatible with the torso’s having been struck by the bumper as there were no injuries below the waist.
Although Dr. Hunt’s testimony convinces us that the truck did roll over part of Mrs. Cucchero’s body, how she came to fall under the wheel remains unclear to us. We agree with the trial judge’s finding that, “It is not clear whether or not she walked into the truck but it is clear that the driver could not see her.” We cannot ignore the possibility of Mrs. Cucchero’s own inattentiveness as a causative factor. She was aware that Whitman would have to pull back into the yard to work on the truck’s brakes once he had let Borne back out of the yard. As familiar with the vehicles as she was after more than forty years of directing traffic in the lot, she should have been alerted by the sound of Whitman’s releasing the air brakes as he edged forward into the yard. He took reasonable precautions to check and moved slowly, but it was impossible for him to see anyone of average height on the right side of the truck.
*83 The appellants rely on the high standard of care set out in Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985). There the court applied the doctrine of comparative fault to two vehicle-pedestrian accidents. The court held the driver in one case to be 100% at fault in injuring a pedestrian when backing his truck into a warehouse. The court reasoned that the driver’s conduct constituted gross negligence, because he backed 100 feet into an area where workmen were usually found. He was unable to see behind his truck as it had no back-up lights or signal. In the other case a bus driver was held to be 90% at fault in hitting a woman who, in rushing to catch a bus, failed to see another bus, which ran over her foot. The court held that there was no reason why the driver should not have seen the woman, as he could expect passengers to be in that intersection.
We distinguish the Turner cases from ours on facts, despite the obvious risk of harm that accompanies moving a large truck. Whitman had been careful and checked his mirrors before proceeding. Mrs. Cucchero was able to see the truck and to hear it beginning to move. She had been standing in a place of safety between the trucks and moved. Accordingly, we find no error in the trial judge’s holding that Russell Whitman was not negligent.

Employment Status of Mrs. Cucchero

We also affirm the trial judge’s finding that Mrs. Cucchero, although unpaid, was an employee of the trucking business. The statutory provision which controls is LSA-R.S. 23:1044, which reads in pertinent part:
A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter.
Mr. Cucchero’s testimony revealed that, other than the first dump truck he purchased, the company’s assets had all been acquired during the forty-two years of marriage. Mrs. Cucchero performed regular, daily services for the business, performing all the administrative functions while he was away much of the day, supervising the outside work, estimating lots for grading, etc., and performing his regular duties as a bus driver for the Jefferson Parish School Board. He explained that he had little education and could write very little, so she answered the telephone, took orders, prepared bills, wrote checks, placed newspaper and telephone directory ads, made bank deposits, picked up parts when necessary, and handled insurance matters. The testimony of the Cuccheros’ accountant, David Jacobs, indicated that although she was not carried formally as an employee, she was responsible for preparing the payroll and provided most of the monthly data for his computer reports. Carol Cucchero Lock-hart testified that after she and her husband took over the business, she drew a salary for performing most of the tasks her mother had handled. Accordingly, we agree with the trial court that Mr. Cucche-ro is entitled to worker’s compensation death benefits as an employee’s surviving spouse. See Hamilton v. American Ins. Co., 439 So.2d 547 (La.App. 1st Cir.1983).
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.