|1LOBRANO, Judge.
The issue in this worker’s compensation case is the proper determination of the “average weekly wage” of an independent contractor who is covered by the Worker’s Compensation Act.
The parties stipulated that plaintiff, Willie Harmon, is an independent contractor who, because he spends a substantial part of his work time in manual labor, is entitled to worker’s compensation benefits. La.R.S. 23:1021(6). Plaintiff is the sole owner of Willie Harmon Heating and Plumbing Company and is a licensed master plumber. De *817 fendant is the insurer of P & E Builders, the general contractor, who verbally contracted with plaintiff to install the plumbing on new home construction in Kenilworth Oaks Subdivision. Plaintiffs price per house included all labor, materials, fixtures and filing fees. P & E paid the worker’s compensation premiums for plaintiff and his workers with funds withheld from the contract price.
The administrative law judge held that plaintiffs average weekly wage for purposes of determining compensation benefits “should be based on the prevailing wage for work similar in character performed by a similarly experienced worker.” The judge reasoned that Jim Walter Homes v. Lewis, 544 So.2d 485 |2(La.App. 2nd Cir.1989), and LeBlanc v. Modem Flooring, Inc., 591 So.2d 1240 (La.App. 5th Cir.1991), writ granted and judgment vacated, 596 So.2d 543 (La.1992); on remand, 603 So.2d 764 (La.App. 5th Cir.1992), writ denied, 607 So.2d 566 (La.1992), were directly on point and controlling.
Defendant perfects this appeal arguing that the trial court was in error in adopting the “prevailing wage” theory of computing the average weekly wage and strenuously asserts that the formula set forth in La.R.S. 23:1021(10)(D) is applicable. Defendant urges a strict and literal application of that formula and cites this court’s decisions in Maire v. Charbonnet, 543 So.2d 544 (La.App. 4th Cir.1989), and Coleman v. The Times Picayune Publishing Corporation, 516 So.2d 1325 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1153 (La.1988), in support.
Before we address the issue of the proper method of computing the average weekly wage under R.S. 23:1021(10)(D), we note the intent and purpose of the Worker’s Compensation Act which was stated in Gagnard v. Baldridge, 612 So.2d 732 (La.1993) as follows:
“The principle underlying the Worker’s Compensation Act is a compromise in which the employer surrenders the immunity against liability which he would otherwise enjoy in all cases in which he was without fault, and, in return, the employee loses his right to full damages for his injury and accepts instead compensation measured as a percentage of his wages. Malone & Johnson, 14 La.Civil Law Treatise: Workers’ Compensation, § 361 at pp. 132-33 (1980).” Id. at 735. (emphasis added)
Keeping in mind that intent, we now turn to the issue of how the average weekly wage should be computed for an independent contractor covered by worker’s compensation. Louisiana Revised Statute 23:1021(10) provides four methods for computing a worker’s average weekly wage. Subsections a, b, and |3c provide the methodology when the employee is paid hourly, monthly and annually, respectively. Subsection d provides:
(d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days actually worked for the employer during said twenty-six week period and multiplied by four; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by four.
This section was enacted in 1968. Prior to that time there existed no provision governing the weekly wage of an employee who worked on a commission, unit or piecework basis. In the 1953 case of Carter v. Consolidated Underwriters, 62 So.2d 682 (La.App. 2nd Cir.1953), the court utilized the “prevailing wage” method in determining the compensation basis for an independent contractor who was injured while unloading logs from his truck at defendant’s sawmill. The court distinguished “wages” from “profits from operations” as the basis for an award of compensation and held that the trial judge incorrectly determined wages by simply subtracting cost of operations from monies received.
Although plaintiff in the instant case is technically not an “employee” of defendant’s insured, we are satisfied that subsec *818 tion “d” of La.R.S. 23:1021(10) was intended to include those claimants considered independent contractors covered by the compensation statute. However, because the statute does not define the term “gross earnings,” we must determine its meaning within the confines and intent of the compensation laws. More succinctly, “[t]he obvious [¿question is whether — in the instance of a person who cuts wood and supplies his own truck and saw — the amount to be used is the total earnings or only the amount represented by his own labor.” 2 Malone & Johnson, Worker’s Compensation Law and Practice, Sec. 327, in 14 Louisiana Civil Law Treatise (3rd ed. 1994). We first review the various approaches used in other circuits.
In Hamilton v. American Insurance Co., 439 So.2d 547 (La.App. 1st Cir.1983), the First Circuit held that a sole proprietor’s wages should be determined in the same manner as an independent contractors’s. Relying on the Third Circuit case of Burgess v. Southern Casualty Insurance Company, 203 So.2d 434 (La.App. 3rd Cir.1967), which in turn cited Carter, supra, the court concluded that since the plaintiff had an employee who worked along with the plaintiff, “[i]t would be appropriate ... to use that employee’s wage basis or another in a similar job in order to calculate [plaintiffs] wages.” at 551. In reaching this result, the court reasoned that “profits from operations” has no relationship to wages. The following month, in Vernon v. Aetna Life and Casualty, 442 So.2d 674 (La.App. 1st Cir.1983), the court noted that it was unable to determine whether the trial court made an adjustment for overhead. Citing the Second Circuit case of Herrin v. Georgia Casualty & Surety Company, 414 So.2d 1323 (La.App. 2nd Cir.1982), the court, by deductive reasoning, concluded that the amount determined by the trial judge could not have included any overhead profits, thus apparently ignoring the prevailing wage approach of Hamilton.
In Herrin, supra, the Second Circuit approved an average weekly wage calculated in accordance with terms of the statute.[1] That is, the court deducted the expenses incurred by plaintiff in the use of his truck in order to | sdetermine his “gross earnings”. We find significant the court’s statement that “we construe this [gross earnings] to mean claimant’s return on labor only rather than on capital also.” at p. 1328. However, in Jim Walter Homes v. Lewis, supra, although making the observation that profit and overhead should not be included as wages, the court concluded that in the case of an independent contractor “courts should determine the prevailing wage for work similar in character to that performed by the claimant and use that amount to compute the amount of compensation due.” at p. 491. And in France v. A & M Wood Co., 566 So.2d 106 (La.App. 2nd Cir.1990), without mentioning Jim Walter Homes, but citing Herrin, the court held that “[s]ince he is a piecework employee, his wages are to be calculated in accordance with LSA-R.S. 23:1021(10)(d) after deduction of his appropriate expenses.” at p. 112.
The Fifth Circuit has taken the same position as that taken by the Second Circuit in Jim Walter Homes, supra. LeBlanc v. Modem Flooring, supra.
This court, in Coleman v. Times Picayune Publishing Co., supra, applied the statute, but refused to deduct all of plaintiffs expenses. In that case plaintiff was an independent newspaper distributor who essentially was paid a commission for delivery of the newspapers and collecting for them. We held that the formula prescribed by the statute was applicable, and determined that the plaintiffs “gross earnings” were the difference between his cost of the papers and the amount which he collected. We concluded that since the plaintiff was free to deliver the papers any way he chose, it was of no concern to the defendant and therefore the expenses incurred by plaintiff should not be deducted from “gross earnings.” In Maire v. Charbonnet, supra, an independent carpenter was injured and sought compensation based on the statute’s formula. There was no argument Uby the defendant regarding *819 expenses. However, we approved calculations done in accordance with the statute, but remanded for further evidence on the number of days plaintiff actually worked.
The parties to the instant lawsuit argue that this court must make a choice between the “prevailing wage” rule or a statutory formula in accordance with La.R.S. 23:1021(10)(d), designating one rule as the only method to be used in the determination of the average weekly wage of an independent contractor covered by the Worker’s Compensation Act. For the following reasons, we find it unnecessary to hold that either one of these methods must always be used to the exclusion of the other.
The common thread which pei’-meates the interpretive jurisprudence on this issue is that an injured worker’s compensation benefits, whether an actual employee or independent contractor, should be based on the wages he actually earns for his labor. We are satisfied that profits from equipment rental, entrepreneurship, and capital outlay are not to be included in the computation of average weekly wage. The law is consistent that, whether the prevailing wage method or some statutory formula is used, the net result must reflect the wages earned by the worker for his labor. This is consistent with the requirement of La.R.S. 23:1021(6) that a substantial part of an independent contractor’s worktime be spent in manual labor in order to be entitled to worker’s compensation. Wages earned are the basis for compensation, not profits from capital investment.
Although La.R.S. 23:1021(10)(d) does not define “gross earnings,” that term must be equated with the fruits of one’s labor. Because the legislature has set forth a statutory formula for determining “average weekly wage,” trial courts should adhere to its provisions as much as possible, keeping in mind that 17the end result must reflect wages earned from labor. We do recognize, however, that in some instances this may be an impossible task since return on capital, overhead profits and rental profits may be impossible to determine. In those instances, the “prevailing wage” method should not be ex-eluded as a viable alternative in reaching the same result.
In the instant case, the record contains no evidence of plaintiffs earnings, expenses, overhead, etc. In fact plaintiff admits his tax records and other business records would be useless in trying to arrive at an average weekly wage which is reflective of his wages earned from his own labor. Under these circumstances, we cannot say that the administrative law judge was in error by adopting the prevailing wage method. We do not, however, intend to imply that method should be used in all cases. Accordingly, we affirm the trial court judgment and remand for a determination of the compensation benefits due plaintiff.
AFFIRMED AND REMANDED.

. At the time Herrin was decided, the applicable statute was La.R.S. 23:1021(7). Its language, however, was the same as the current statute.